Anthony J. PAPPALARDO, Appellant,

v.

Jesse BROWN, Secretary of Veterans
Affairs, Appellee.

No. 92–542.

United States Court of Veterans Appeals.

Dec. 3, 1993.

Michael R. Pizziferri, was on the brief, for
appellant.

Mary Lou Keener, Gen. Counsel, Norman
G. Cooper, Asst. Gen. Counsel, Adrienne
Koerber, Deputy Asst. Gen. Counsel, and
Jacqueline M. Sims, Washington, DC, were
on the brief, for appellee.

Before NEBEKER, Chief Judge, and
KRAMER and STEINBERG, Judges.

STEINBERG, Judge, filed the opinion of
the Court in which KRAMER, Judge, joined.

NEBEKER, Chief Judge, filed an opinion
concurring in part and dissenting in part.

STEINBERG, Judge:

The appellant, brother of World War II
veteran Dominic Pappalardo, appeals from
an August 20, 1990, decision of the Board of
Veterans' Appeals (BVA or Board) denying
reimbursement of funds, expended in connec-
tion with specially adapted housing for the
veteran, as an accrued benefit under 38
U.S.C.A. § 5121 (West 1991). R. at 4–10.
Summary disposition is not appropriate here
because the case is not controlled by the
Court's precedents. *See Frankel v. Derwin-
ski,* 1 Vet.App. 23, 25–26 (1990). The Court
will vacate the Board's decision and remand
the matter for readjudication.

## I. Background

The veteran served on active duty in the
U.S. Army from February 1943 to October
1945. R. at 14. In December 1983, a Veter-
ans' Administration (now Department of Vet-
erans Affairs) (VA) regional office (RO)
granted a rating of 100%, retroactive to Au-
gust 1966, for the veteran's service-connected
post-encephalitic Parkinson's disease with
loss of use of both lower extremities. R. at
17. The VARO also granted the veteran
entitlement to special monthly compensation
for regular aid and attendance and to an
automobile or other conveyance and adaptive

equipment under chapter 39 of title 38, U.S.Code. R. at 18.

In August 1984, the veteran applied to the RO for specially adapted housing assistance under 38 U.S.C. § 801(a) (now 38 U.S.C.A. § 2101 (West 1991)). R. at 19. In a January 1985 decision, the RO found the veteran to be eligible for specially adapted housing. R. at 30. In a February 1985 letter, the RO notified the veteran about its general eligibility determination but cautioned specifically: "Please understand that this letter is not an approval of a grant to you. Therefore, do not make any agreements or incur any debts or obligations with a specially adapted home until our representative has visited you." R. at 41. Apparently, the VA questioned whether the veteran's home, jointly owned with his brother, the appellant, was owned free and clear, and, in a title opinion dated October 1985, a private attorney opined that, according to his "title search", the home was owned free and clear except for one encumbrance in the amount of $4,100. Supplemental R. (Supp.R.) at 5. In November 1985, the RO District Counsel responded, stating that the encumbrance could be an obstacle to the marketability of the title and that the veteran should have the encumbrance discharged. Supp.R. at 7. Thereafter, on November 20, 1985, the RO notified the veteran of this decision. Supp.R. at 8.

In August 1986, the veteran and the appellant borrowed $35,000 and began remodeling their home to meet the prescribed specifications for specially adapted housing. R. at 52, 58, 64–109. In November 1986, before the remodeling had been completed, the veteran died. Thereafter, the appellant apparently filed a claim for reimbursement for the funds spent on remodeling in connection with specially adapted housing for the veteran. R. at 63. In an April 21, 1987, report of loan guaranty field review, the construction analyst who had handled the veteran's application throughout the process stated that the construction had taken place pursuant to "a set of plans approved 9/27/85 by" the Boston RO. Supp.R. at 9.

In May 1989, the Director of VA's Loan Guaranty Service denied the appellant reimbursement, stating that the grant for special-

ly adapted housing had not been approved before the veteran's death. R. at 116–17. In his memorandum, the Director stated, inter alia, that "a revised title opinion was never submitted". R. at 117. He stated: "Since it was not possible to approve a grant for Mr. Pappalardo before his death, we are not able to approve a request to reimburse his estate for funds that were expended prior to grant approval." *Ibid.*

In June 1989, the appellant filed a Form 1–9 (Appeal to Board of Veterans' Appeals) expressing disagreement with that decision. R. at 118. In July 1989, the appellant gave sworn testimony at an RO hearing conducted on behalf of the BVA. R. at 128–41. The appellant explained that he had begun construction on the home because he had given plans for construction to a VA agent who had "stamped approval on it". R. at 131. Furthermore, the appellant testified under oath before the RO that he had never been advised not to borrow money or begin construction. *Ibid.* The adverse August 20, 1990, BVA decision here on appeal followed.

## II. Analysis

In its decision, the BVA reached the following conclusion of law: "Specially adapted housing benefits consist of a one-time benefit and are not periodic monetary benefits which may be paid to the appellant as an accrued benefit upon the death of the veteran." R. at 9. This Court reviews questions of law de novo under 38 U.S.C.A. § 7261(a)(1) (West 1991).

Under 38 U.S.C.A. § 5121(a) (West 1991) ("Payment of certain accrued benefits upon death of a beneficiary"), "accrued benefits" are defined as "periodic monetary benefits". *See* 38 C.F.R. § 3.1000 (1993) (same). Assistance provided to a veteran for specially adapted housing is provided to the veteran in a one-time payment pursuant to 38 U.S.C.A. § 2101 (West 1991). Furthermore, such assistance "will not be available to any veteran more than once". 38 C.F.R. § 3.809(c) (1993); *see* 38 U.S.C.A. § 2104(a) (West 1991). Because the Court finds the terms of the statutes and regulation to be plain and "unambiguous, the judicial inquiry is complete". *Douglas v. Derwinski*, 2 Vet.App. 435, 438 (1992); *see also Gardner v. Derwin-*

*ski,* 1 Vet.App. 584, 587 (1991) ("Absent an absurd result, the plain meaning of the statute will be applied unless such an application is contrary to the apparent intention of Congress.")

■ The Court holds, as a matter of law, that a one-time payment for assistance for specially adapted housing does not qualify as a "periodic monetary benefit" for purposes of 38 U.S.C.A. § 5121 and, therefore, is not payable as an accrued benefit.

■ Although the Board treated the foregoing as the dispositive issue, that does not appear to be correct. Rather, the dispositive issues would appear to be, as a factual matter, whether the grant had been approved by VA before the veteran's death and, if so, whether VA would then have authority to make reimbursement to the appellant. In this regard, 38 C.F.R. § 36.4406 (1993) states in pertinent part: "After approval of an application for a grant, the Secretary shall decide upon a method of disbursement . . . and disburse the benefit payable accordingly. Disbursements may be made to the veteran or to third parties who have contracted with the veteran . . . ." Because the Board did not specifically make a finding of fact about approval in the context of that regulation and because the Board took pains to state that since it was deciding the accrued benefits issue it was "not necessary that [it] resolve . . . questions regarding the substantive merits of the claim" (R. at 6), remand for readjudication is indicated. *See Bernard v. Brown,* 4 Vet.App. 384, 394 (1993); *Archer v. Principi,* 3 Vet.App. 433, 436 (1992); *Branham v. Derwinski,* 1 Vet.App. 93, 94 (1990); *see also* 38 U.S.C.A. § 7104(d)(1) (West 1991); *Gilbert v. Derwinski,* 1 Vet.App. 49, 56–57 (1990); 38 C.F.R. § 36.4403 (1993) (where person other than veteran's spouse owns undivided interest in housing unit, amounts prescribed by 38 U.S.C.A. § 2101(a) shall be proportionate to veteran's undivided interest in entire property).

■ In the appellant's attorney's June 21, 1993, motion for remand and to stay further proceedings, the appellant seems to argue that "a statutory duty to assist in the development of the evidence" may have been triggered in this case during the VA adjudication process. Mot. at 4. *See* 38 U.S.C.A. § 5107(a) (West 1991); *Murphy v. Derwinski,* 1 Vet.App. 78, 81 (1990). The record on appeal does not support this contention, nor show that such argument was ever raised to the Board. The appellant may be contending that the RO's refusal to approve the grant on November 20, 1985, was clear and unmistakable error. *See Russell v. Principi,* 3 Vet. App. 310, 313 (1992) (en banc) ("clear and unmistakable error" is error in a prior final decision, the existence of which is "undebatable" based on the record and the law that existed at the time of that decision, and it is "more than a disagreement as to how the facts were weighed or evaluated"; either "the correct facts, as they were known at the time, were not before the adjudicator or the statutory or regulatory provisions extant at the time were incorrectly applied"). But he did not raise such a claim before the Board and may not raise it here in the first instance. *Id.* at 315 (Court may not adjudicate, in the first instance, a claim of "clear and unmistakable error" in a prior final decision, but will remand for BVA to adjudicate the issue). *See also McIntosh v. Brown,* 4 Vet.App. 553, 561 (1993); *Mata v. Principi,* 3 Vet.App. 558 (1992) (per curiam order); *cf.* 38 U.S.C.A. § 503(a) (West 1991); 38 C.F.R. § 2.7(a), (c) (1993); *Darrow v. Derwinski,* 2 Vet.App. 303, 306 (1992); *Suttmann v. Brown,* 5 Vet.App. 127, 138 (1993).

### III. Conclusion

Upon consideration of the record and the pleadings of the parties, the Court vacates the August 20, 1990, BVA decision, and remands the matter for prompt readjudication, consistent with this decision, on the basis of all evidence and material of record and all applicable law and regulation. *See* 38 U.S.C.A. §§ 5107(a), (b), 7104(a), (d)(1) (West 1991); *Fletcher v. Derwinski,* 1 Vet.App. 394, 397 (1991). "On remand, the [appellant] will be free to submit additional evidence and argument", *Quarles v. Derwinski,* 3 Vet.App. 129, 141 (1992), including the documents the appellant had counterdesignated on November 2, 1992, and which the Court, by order of February 5, 1993, excluded from the record on appeal. A final decision by the Board

following the remand herein ordered will constitute a new decision which, if adverse, may be appealed to this Court only upon the filing of a new Notice of Appeal with the Court not later than 120 days after the date on which notice of the new Board final decision is mailed to the appellant.

VACATED AND REMANDED.

NEBEKER, Chief Judge, concurring in part and dissenting in part:

I would affirm the Board's decision. I concur in the holding that the benefit sought was "a one-time payment for assistance ... [and] does not qualify as a 'periodic monetary benefit' ... and ... is not payable as an accrued benefit." Majority opinion at page 65. That should end the matter.

There is no factual issue on whether the application had been approved before the veteran died on November 1, 1986. R. at 62. A memorandum of May 2, 1989, states:

> When the veteran died his grant application package was still incomplete and the grant could not have been approved.... Since it was not possible to approve a grant for Mr. Pappalardo before his death, we are not able to approve a request to reimburse his estate for funds that were expended prior to grant approval.

R. at 117.

But there is more. In September 1985, the veteran applied for a waiver of two necessary conditions of approval—to get at least three competitive bids and to have the contractor obtain a lien and performance bond. It was not until October 6 that, as the record reflects, a recommendation to approve the waivers was made. The record contains no document that the Loan Guaranty Officer, to whom the recommendation was made, approved the waivers and there is no record of final approval. That is precisely what the Board noted in its decision. R. at 9. The majority treats the question of approval before November 1, 1986, "as a factual matter" requiring "a finding of fact" (majority opinion at page 4). But approval of the application is not an adjudicative fact; it is a procedural or administrative fact which did not occur. Moreover, it is a non sequitur to conclude

that a remand is "indicated" from the proposition that the Board found it unnecessary to resolve the substantive merits of the claim. The merits of that claim were moot as of November 1, 1986.

We serve no useful purpose in burdening the Board with further proceedings in this case. It is inescapable that no approval of the application predated the death of the veteran. The Board will do violence to the facts were it to decide otherwise on this needless remand.