**Mary L. GILLIS, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 97–1108.

United States Court of Veterans Appeals.

Sept. 29, 1998.

Mary L. Gillis, pro se.

Robert E. Coy, Acting General Counsel; Ron Garvin, Assistant General Counsel; Michael A. Leonard, Deputy Assistant General Counsel; and Edward V. Cassidy, Jr., Washington, DC, were on the pleadings for appellee.

Before KRAMER, IVERS, and STEINBERG, Judges.

KRAMER, Judge:

The appellant, Mary L. Gillis, appeals a March 31, 1997, decision of the Board of Veterans' Appeals (BVA or Board) denying accrued benefits in the form of assistance in the purchase of an automobile. Record (R.) at 1–5. This appeal is timely, and the Court has jurisdiction pursuant to 38 U.S.C. § 7252(a). For the reasons that follow, the Court will affirm the decision of the BVA.

## I.  RELEVANT BACKGROUND

The relevant facts are simple and not in dispute. The veteran, late husband of the appellant, served in the U.S. Navy from June 1942 to December 1945 and from July 1951 to December 1953. R. at 2. In August 1993, a VA regional office (RO) concluded that entitlement to assistance in the purchase of an automobile was established because of the nature and severity of the veteran's service-connected disability. R. at 165–67. After the veteran was advised of this decision, he died in October 1993. R. at 173. In May 1994, the appellant submitted a request for an automobile grant as an accrued benefit to which the veteran was entitled before his death. R. at 194. In January 1995, the RO denied her claim. R. at 201. She appealed the decision. R. at 203. On appeal, the BVA determined that the appellant's entitlement to financial assistance in the purchase of an automobile as an accrued benefit was not

shown as a matter of law. R. at 2–4. The BVA noted that, according to 38 C.F.R. § 3.808 (1997), a certificate of eligibility for assistance in the purchase of one automobile will be issued when all the criteria are met to trigger VA's assistance, and that under 38 U.S.C. § 3902(a) VA pays the allowance directly to the seller once a sales agreement has been reached. R. at 4. The Board also noted that the evidence of record did not show that a certificate of eligibility was ever issued or that the veteran entered into a sales agreement to purchase an automobile between the time his eligibility was established and his death. *Id.* On appeal to this Court, the appellant, in essence, asserts that if the veteran had lived longer, he would have entered into a sales agreement and a certificate of eligibility would have been issued.

## II.  ANALYSIS

Section 5121(a), title 38, United States Code, provides for payment to the veteran's survivors of *"periodic* monetary benefits ... to which an individual was entitled at death under existing ratings or decisions ... and due and unpaid" at the time of the veteran's death, 38 U.S.C. § 5121(a) (emphasis added); *see also* 38 C.F.R. § 3.1000 (1997). In *Pappalardo v. Brown,* the Court held that a "one-time payment for assistance for specially adapted housing does not qualify as a 'periodic monetary benefit.'" *Pappalardo,* 6 Vet.App. 63, 64–65 (1993). Although *Pappalardo* dealt with housing benefits governed by 38 U.S.C. § 2101 and 38 C.F.R. § 3.809 (1997), and § 3.809(c) provides explicitly that "[t]he assistance referred to in this section will not be available to any veteran more than once," the Court concludes that the absence of such language in 38 C.F.R. § 3.808 is not dispositive and that the automobile benefit under that section is not a periodic benefit that can be claimed as an accrued benefit. "Periodic" means "[r]ecurring at fixed intervals; to be made or done, or to happen, at successive periods separated by determined intervals of time." BLACK'S LAW DICTIONARY 1138 (6th ed.1990); *see also* WEBSTER'S NEW WORLD DICTIONARY 511 (3d College Ed.1988) (defining "fix[ed]" as "arrange[d] or establish[ed] definitely; set ... determine[d] with certainty"). Even assum-

ing that the veteran could have been eligible for multiple grants over an unspecified period of time, the timing of any such benefits cannot be determined with any certainty, and, hence, the benefits cannot be considered periodic. Furthermore, the Court notes that, under 38 U.S.C. § 5121(a), accrued benefits are paid to the veteran's surviving spouse, children, or dependent parent, or to the person who bore the expense of the last sickness and burial. Under 38 U.S.C. § 3902(a), the automobile purchase assistance payment is made to the seller of the automobile. Accordingly, the statutory scheme appears inconsistent with considering automobile purchase assistance under section 3902(a) as an accrued benefit under section 5121(a). For all of the above stated reasons, the Board correctly determined, as a matter of law, that the appellant is not entitled to receive automobile purchase assistance under 38 U.S.C. § 3902(a) as an accrued benefit. *See Pappalardo, supra; see also Sabonis v. Brown,* 6 Vet.App. 426, 430 (1994) ("no authority in law" supports appellant's argument).

### III. CONCLUSION

Upon consideration of the above analysis, the pleadings of the parties, and the record on appeal, the Court holds that the appellant has not demonstrated that the BVA committed either factual or legal error that requires reversal or remand. *See* 38 U.S.C. §§ 5107, 7104(d), 7261. The March 31, 1997, BVA decision is AFFIRMED.