# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 97-1683

RAYMOND G. MAXSON, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before KRAMER, *Chief Judge*, and HOLDAWAY and GREENE, *Judges*.

## O R D E R

On July 6, 1999, the Court issued an opinion affirming the July 31, 1997, Board of Veterans' Appeals (Board) decision that had determined that Mr. Maxson's partial colectomy, received prior to active service, was not aggravated by his combat service and thus had denied his reopened claim for VA service-connected benefits. *See Maxson v. West*, 12 Vet.App. 453 (1999). On July 28, 1999, judgment was entered. On August 2, 1999, Mr. Maxson filed, through counsel, an appeal to the United States Court of Appeals for the Federal Circuit (Federal Circuit).

On October 27, 2000, the Federal Circuit affirmed this Court's July 1999 decision and returned the matter to this Court. *See Maxson v. Gober*, 230 F.3d 1330 (Fed. Cir. 2000). On November 9, 2000, the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA), was enacted. In accordance with *In Re: Veterans Claims Assistance Act of 2000*, 15 Vet.App. 27 (2001) (en banc order) (Misc. Order 4-00), the July 28, 1999, judgment was recalled. Further, Misc. Order 4-00 invited the parties to provide memorandum of law on the impact that the VCAA could have on Mr. Maxson's claim. The parties did not file any responses pursuant to Misc. Order 4-00. On August 31, 2001, Misc. Order 4-00 was rescinded. *See In Re: Rescission of Misc. No. 4-00, In Re: Veterans Claims Assistance Act of 2000*, U.S. Vet. App. Misc. Order No. 6-01 (Aug. 31, 2001) (en banc order).

Because neither party has argued the beneficiality of the VCAA in this case, the Court will not address it and, accordingly, will enter judgment. *See Tellex v. Principi*, __ Vet.App. __, __, No. 98-1886 (Sept. 25, 2001); *Williams v. Principi*, __ Vet.App. __, No. 98-1491 (Aug. 31, 2001) (en banc) (Court did not address applicability of VCAA to claim pending on appeal when VCAA enacted). Upon consideration of the foregoing, it is

ORDERED that judgment on the Court's July 6, 1999, opinion is entered. This order constitutes the mandate of the Court.

DATED:      October 10, 2001                    PER CURIAM.