# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-724

Earl R. Wilkes, Jr., Appellant,

v.

Anthony J. Principi,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Decided    August 14, 2002  )

*Clark C. Evans*, of Judsonia, Arkansas, was on the briefs for the appellant.

*Tim S. McClain*, General Counsel; *Joan E. Moriarty*, Acting Assistant General Counsel; *Darryl A. Joe*, Acting Deputy Assistant General Counsel; and *Barbara J. Finsness*, all of Washington, D.C., were on the brief for the appellee.

Before FARLEY, HOLDAWAY, and STEINBERG, *Judges*.

STEINBERG, *Judge*:  The appellant, the nephew of a deceased veteran, is one of the beneficiaries of personal property named in the veteran's will, and the coexecutor of the veteran's estate.  Through counsel, he seeks review of a December 27, 2000, Board of Veterans' Appeals (Board or BVA) decision that denied the appellant's claim for Department of Veterans Affairs (VA) accrued benefits.  Record (R.) at 1-7.  The appellant and the Secretary have each filed a brief, and the appellant has filed a reply.  This appeal is timely, and the Court has jurisdiction pursuant to 38 U.S.C. §§ 7252(a) and 7266(a).  For the reasons that follow, the Court will affirm the Board decision.

## I.  Relevant Background

The veteran, George W. Wilkes, served on active duty in the U.S. Navy from April 1941 to December 1944.  *See* R. at 2.  In April 1993, a VA regional office (RO) denied his claims for a VA

rating greater than 40% for his service-connected spinal cord disability and for VA special monthly compensation (SMC). R. at 12-15. The veteran appealed that VARO decision to the Board, and the Board remanded both matters for further development. R. at 60-63. In an April 9, 1997, decision, the RO granted a 100% rating for his service-connected spinal cord disability, effective September 16, 1992, and granted SMC. R. at 66-70. The award for the retroactive increase in VA disability compensation benefits totaled $109,464. R. at 72. The veteran died on April 22, 1997. R. at 84. Six days later, on April 28, 1997, unaware of the veteran's death, VA electronically transferred the $109,464 to the veteran's bank account. R. at 85. On May 8, 1997, the veteran's bank electronically transferred that amount back to VA and notified VA on May 15, 1997, that the bank had returned the funds because the veteran had died. R. at 74. The bank requested that VA either return the funds to the account at the bank or transfer them to the attorney handling the veteran's estate. *Ibid*.

On June 23, 1997, the appellant and his cousin, the niece of the veteran [hereinafter together referred to as "claimants"], filed a VA form entitled "Application for Amounts Due Estates of Person Entitled to Benefits". R. at 100-01. That form indicated that the expenses incurred for the last sickness and burial of the decedent had been prepaid and listed only the veteran's nephew and niece, then ages 47 and 39, respectively, as the surviving relatives who might be entitled to share in the veteran's estate. *Ibid*. In July 1997, the RO denied their claim and stated that, under 38 U.S.C. § 5121 and 38 C.F.R. § 3.1000, VA could "only pay" to a nephew or a niece "accrued benefits as a reimbursement for the last expenses of the veteran". R. at 106-07. The claimants' attorney then sent a letter to the RO specifying that the claim was not one under 38 U.S.C. § 5121 and 38 C.F.R. § 3.1000 but one under 38 U.S.C. § 5122 and 38 C.F.R. § 3.1003 and that, under the latter provisions, the estate was entitled to the $109,464. R. at 111-12. In August 1997, the RO advised the claimants' attorney that the RO could not make a determination under 38 U.S.C. § 5122 on the claim and had forwarded the claim to the General Accounting Office (GAO) for settlement. R. at 124. VA then requested an opinion from its own Office of General Counsel (OGC) as to whether the award was payable to the veteran's estate under 38 U.S.C. §§ 5121 or 5122 or "any other reference". R. at 128.

In October 1997, the VA General Counsel (GC) issued an advisory opinion noting that the RO had submitted the claim to the OGC for an opinion rather than sending it to the GAO and concluding that, in cases where VA issues payment to a veteran after the veteran's death, section 5121, not section 5122, is applicable to a claim filed by the veteran's estate. R. at 130-33. The VAGC reasoned that section 5122 applies to benefit checks that were received but not negotiated prior to the payee's death and that, in the instant case, VA did not make, and the veteran did not receive, the payment prior to the veteran's death. R. at 131. The GC then determined that accrued benefits were not payable to the veteran's estate under section 5121 because the estate does not fall within the class of individuals eligible to receive accrued benefits under that section. R. at 133. On November 21, 1997, the RO notified the claimants' attorney of the GC's denial of the claim and forwarded to him a copy of the GC advisory opinion. R. at 137. The claimants then filed a Notice of Disagreement (R. at 139), the RO issued a Statement of the Case (R. at 162-165), and each of the claimants individually filed a timely Substantive Appeal to the BVA (R. at 169-70, 171-74).

In the BVA decision here on appeal, the Board found that there was no legal basis for payment of accrued benefits to the veteran's estate under either 38 U.S.C. § 5121 and 38 C.F.R. § 3.1000 or under 38 U.S.C. § 5122 and 38 C.F.R. § 3.1003. R. at 3. The Board concluded (1) that the claimants were ineligible for accrued benefits under section 5121 because they did not fall into any specified category of eligible payees under that section and (2) that section 5122 was inapplicable because the veteran did not receive the payment prior his death. R. at 6.

In his brief, the appellant asks the Court to "declare the 1997 electronic transfer of $109,464 from the veteran's bank account to VA a mistake and an unauthorized transaction" and to order "restitution by VA to the beneficiaries of the estate". Brief (Br.) at 16. He states that he does not dispute the Board's findings of fact and asserts that the Board decision contains legal error. Br. at 4. Despite his argument before the Board that section 5122 governs his appeal (R. at 169), before the Court he contends that the $109,464 at issue is not a periodic payment but a one-time lump-sum payment and that the claim thus does not qualify as one for accrued benefits under sections 5121 and 5122 (Br. at 3-6). He further asserts that although VA is statutorily authorized to retrieve and cancel checks pursuant to 38 U.S.C. § 5120, VA is not authorized by statute to retrieve electronically transferred funds from the accounts of deceased payees. Br. at 8. He then argues that because his

3

claim is not governed by title 38 of the U.S. Code or by VA regulation, other federal and state statutes may be applicable. *Ibid.* He asserts that if those other provisions apply, then the bank's electronic transfer of the funds to VA and VA's receipt of those funds were prohibited and that the funds in question should be returned to the veteran's estate. Br. at 8-15.

The Secretary seeks affirmance of the Board decision on the ground that the appellant lacks legal entitlement to the $109,464; the Secretary asserts that section 5122 is inapplicable to this case because the veteran did not receive the funds prior to his death and that, although the funds constituted a periodic payment, the estate is not eligible to receive accrued benefits under section 5121. Br. at 1-10. The Secretary further contends that the federal and state statutes cited by the appellant are inapplicable. Br. at 8. In his reply, the appellant reiterates his prior arguments and asserts that his claim is not one for accrued benefits because the $109,464 was not "due and unpaid" as required by section 5121. Reply at 1-3.

## II. Analysis

Section 5121 defines accrued benefits as "periodic monetary benefits . . . to which an individual was entitled at death under existing ratings or decisions, or . . . based on evidence in the file at date of death . . . and due and unpaid for a period not to exceed two years." 38 U.S.C. § 5121(a); *see also* 38 C.F.R. § 3.1000 (2001). Section 5121(a)(2) provides that upon the death of a veteran, payment should be made to the living person first listed: The "veteran's spouse", "the veteran's children", or "the veteran's dependent parents". 38 U.S.C. § 5121(a)(2). In order to be eligible for accrued benefits, therefore, the claimant must qualify as a member of one of the statutorily enumerated categories of recipients. *See Burris v. Principi*, 15 Vet.App. 348, 352-53 (2001) (concluding that 70-year-old appellant was ineligible for accrued benefits because he did not satisfy statutory definition of "child" in 38 U.S.C. § 101(4)(A), which excludes anyone over age 23 unless they were "permanently incapable of self-support" before attaining age 18); *Marlow v. West*, 12 Vet.App. 548, 551 (1991) (noting that section 5121(a) "limits qualifying survivors to the deceased veteran's spouse, child . . . or dependent parents"). Subsection (a)(5) provides: "In all other cases, only so much of the accrued benefits may be paid as may be necessary to reimburse the person who bore the expense of last sickness and burial." 38 U.S.C. § 5121(a)(5).

Section 5122, of title 38, U.S. Code, provides:

> ***A check received by a payee*** in payment of accrued benefits
> shall, if the payee died on or after the last day of the period covered
> by the check, be returned to the issuing office and canceled, unless
> negotiated by the payee or the duly appointed representative of the
> payee's estate. The amount represented by such check, or any amount
> recovered by reason of improper negotiation of any such check, shall
> be payable in the manner provided in section 5121 of this title,
> without regard to section 5121(c) of this title. Any amount not paid
> in the manner provided in section 5121 of this title shall be paid to the
> estate of the deceased payee unless the estate will escheat.

38 U.S.C. § 5122 (emphasis added); *see also* 38 C.F.R. § 3.1003(a) (2001).

It is unclear whether the Board decision should be reviewed under the "arbitrary and capricious standard" in 38 U.S.C. § 7261(a)(3)(A), *see Butts v. Brown*, 5 Vet.App. 532, 539 (1993) (en banc) (applying arbitrary-and-capricious standard when reviewing Board's application of law to facts), or the less deferential de novo standard under 38 U.S.C. § 7261(a)(1), *see Butts*, *supra* (noting Court's "longstanding practice of reviewing questions of law de novo without any deference to the BVA's conclusions of law"). However, for the reasons that follow, even under the nondeferential de novo standard, the Board decision must be affirmed.

Citing this Court's opinions in *Pappalardo v. Brown*, 6 Vet.App. 63, 65 (1993), and *Gillis v. West*, 11 Vet.App. 441, 442-43 (1998), the appellant asserts that his claim is not one for accrued benefits because the $109,464 was a one-time lump-sum payment rather than a periodic monetary benefit and that, accordingly, both sections 5121 and 5122 are inapplicable. The Court disagrees. In *Pappalardo*, the Court held that a one-time payment for assistance for specially adapted housing under chapter 21 of title 38, U.S. Code, did not qualify as a periodic monetary benefit for purposes of section 5121. *Pappalardo*, *supra*. In *Gillis*, the Court similarly concluded that an automobile-purchase-assistance payment under chapter 39 of title 38, U.S. Code, was not periodic in nature. *Gillis*, *supra*. In the latter case, the Court noted that although the automobile-purchase-assistance payment was not statutorily defined as a one-time payment, it was not "periodic", which is defined as "'recurring at fixed intervals; to be made or done, or to happen, at successive periods separated by determined intervals of time'". *Ibid* (quoting BLACK'S LAW DICTIONARY 1138 (6th ed. 1990).

5

In the instant case, the $109,464 was an award for retroactive disability compensation benefits and SMC benefits, both of which are periodic payments. *See* 38 U.S.C. § 101(13) (defining "compensation" to mean, inter alia, "a monthly payment made by the Secretary to the veteran because of a service-connected disability").

The appellant further argues that his claim cannot be characterized as one for accrued benefits because the award was not "due and unpaid" – that is, the funds were electronically transferred into the veteran's account. However, the payment was due and unpaid *at the time of the veteran's death* because the funds were not transferred until six days after his death (R. at 84, 85). *See Zevalkink v. Brown*, 6 Vet.App. 483, 490 (1994) (noting that accrued benefits are periodic monetary benefits to which veteran was entitled at death and that were unpaid at time of death). Despite the appellant's assertions to the contrary, under the provisions of section 5121 his claim is properly one for accrued benefits, and the Court need not and will not reach the appellant's arguments as to the potential applicability of other federal and state statutes to a claim that would not be governed by the accrued-benefits provisions. The Court notes that those other federal and state statutes may be relevant to any cause of action that the appellant might have against the bank rather than the instant claim against VA.

Having determined that the funds at issue are accrued benefits under section 5121, the Court will now turn to whether the appellant is entitled to receive accrued benefits under that section. The appellant, the nephew of the veteran, does not fall within a specifically enumerated category of recipients under section 5121(a) because he is not a child, spouse, or dependent parent of the veteran. *See* 38 U.S.C. § 5121(a)(2); *see also* 38 U.S.C. §§ 101(3), (4), (5), 102 (defining, respectively, "surviving spouse", "child", and "parent", and relating to "dependent parent"). Moreover, he did not pay any expenses relating to the veteran's last sickness or burial. *See* 38 U.S.C. § 5121(a)(5); R. at 100-01. Thus, he is not eligible for accrued benefits, *see Burris* and *Marlow*, both *supra*, and the Board properly denied as a matter of law his claim under section 5121. *See Sabonis v. Brown*, 6 Vet.App. 426, 430 (1994) (affirming Board denial of relief sought where "no authority in law . . . would permit . . . VA to grant appellant's request[] for relief").

The Court notes that the Secretary is correct that section 5122 is inapplicable to the instant case because that section applies to payments *received* but not negotiated by a payee. *See* 38 U.S.C.

6

§ 5122; 38 C.F.R. § 3.1003(a). Because the veteran died before VA electronically transferred the $109,464 (R. at 84, 85), he could not have "received" the transferred funds within the meaning of 38 U.S.C. § 5122. The legislative history of sections 5121 and 5122 reveals that Congress intended that payments directed to a payee after his or her death be payable under section 5121 rather than under section 5122. In May 1953, Congress amended Veterans Regulation 2(A) and streamlined the procedure under which beneficiaries could claim checks received but not negotiated prior to a veteran's death. Act of May 29, 1953, ch. 84, § 1, 67 Stat. 39, 39-40. The report of the Senate Committee on Veterans' Affairs stated:

> [A] person may die before receiving his first payment under an approved award covering a retroactive period of entitlement. Such accrued amounts . . . are payable by the Veterans' Administration in accordance with [the predecessor of section 5121(a)] to the surviving spouse, child or children, dependent mother or father, or the person who bore the expenses of the last illness and burial.

S. REP. NO. 227 (1953), *reprinted in* 1953 U.S.C.C.A.N. 1665, 1666. By its terms, then, section 5122 applies only to payments received but not negotiated prior to the payee's death. Accordingly, the Board did not err when it determined that in the instant case there was no basis under section 5122 for the payment of accrued benefits.

The Court notes that the Board decision is silent as to the applicability of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA), which was enacted prior to the issuance of the Board decision. Because neither party has suggested the beneficiality of the application of the VCAA to this case (although the Secretary did mention the VCAA (Br. at 9), the appellant did not raise the issue in either of his briefs (*see* Br. at 1-16; Reply at 1-3)), the Court will not address the matter. *See Maxson v. Principi*, 15 Vet.App. 241, 242 (2001) (per curiam order); *Tellex v. Principi*, 15 Vet.App. 233, 240 (2001).

### III. Conclusion

Upon consideration of the foregoing, because the Court finds no legal error in the Board's December 27, 2000, decision, that decision is affirmed.

AFFIRMED.