# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 00-242

BETTY L. ALLEMAN, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued July 16, 2002                           Decided   August 21, 2002  )

*Helen Randolph* was on the brief for the appellant.

*Tim S. McClain*, General Counsel; *Ron Garvin*, Assistant General Counsel; and *Michael A. Leonard*, Deputy Assistant General Counsel were on the brief for the appellee.

Before FARLEY, HOLDAWAY, and GREENE, *Judges*.

HOLDAWAY, *Judge*: The appellant, the widow of a veteran awarded compensation under 38 U.S.C. § 1151, appeals from a January 2000 decision of the Board of Veterans' Appeals (BVA or Board) that denied basic eligibility for entitlement to Service Disabled Veterans' Insurance (SDVI) under 38 U.S.C. § 1922. The appellant filed a brief requesting oral argument and seeking a reversal of the Board's decision, the Secretary filed a brief seeking affirmance of the Board's decision, and the appellant filed a reply. Subsequently, following the Secretary's unopposed motion, the Court ordered each party to submit a supplemental memorandum of law addressing the impact of *Kilpatrick v. Principi*, 16 Vet.App. 1 (2002), on the present case. Each party responded, and the case came before the Court for oral argument on July 16, 2002. The Court has jurisdiction of the case under 38 U.S.C. § 7252(a). For the following reasons, the Court will affirm the decision of the Board.

## I. FACTS

In the present case, the facts are not in dispute. The appellant's late husband, John W. Alleman, served on active duty in the U.S. Air Force from April 1953 until October 1955.

In September 1992, the veteran went to a VA clinic, complaining of having difficulty urinating, urinating frequently, and suffering from impotence. The outpatient treatment report indicated that the veteran's prostate was not enlarged, but a possible nodule was found. The doctor's impression was impotence and a prostate problem. The report notes that the veteran was scheduled to undergo a follow-up examination in the genitourinary clinic the following month; however, because of VA's failure to notify the veteran of the follow-up appointment, he did not appear for the appointment.

In June 1994, a VA physician treated the veteran for a fractured rib and generalized pain. A rectal examination conducted at that time revealed a malignant prostate. The veteran underwent a bilateral orchiectomy. The treating physician opined that there was improper follow-up to the veteran's September 1992 clinic appointment and that additional tests should have been done at that time.

In a June 1996 decision of a VA regional office (RO), VA compensated the veteran under 38 U.S.C. § 1151 for malignant neoplasms of the genitourinary system and for malignant growth of bone secondary thereto, and rated both as 100% disabling, with special monthly compensation, effective December 1995. On June 24, 1996, the RO sent the veteran a letter notifying him of the decision and explained that because he was awarded compensation under 38 U.S.C. § 1151, he was not eligible for certain "ancillary benefits"; but, no specific reference was made to insurance.

In July 1996, the veteran applied for SDVI under 38 U.S.C. § 1922. In August 1996, a Regional Office and Insurance Center (IC) denied the veteran's application, explaining that his compensation under 38 U.S.C. § 1151, which was awarded "as if" the disability were service-connected, did not make him eligible for SDVI because the disability itself was not service-connected. On the veteran's behalf, the appellant wrote to the IC complaining of the denial of SDVI, and in January 1997, she attempted to file a Notice of Disagreement (NOD) on his behalf.

On April 27, 1997, the veteran died. In May 1997, the appellant filed claims for Dependency and Indemnity Compensation (DIC) and SDVI. The RO granted the appellant's claim for DIC but

denied the appellant's claim for SDVI, explaining that only veterans with service-connected disabilities can obtain the insurance. In June 1998, the appellant filed an NOD to the denial of insurance benefits. A hearing was held on the insurance claim in July 1998, and a Statement of the Case was issued. The appellant completed her appeal to the Board in September 1998. A hearing was held before the Board in February 1999.

On January 18, 2000, the Board issued a decision denying the appellant's claim to entitlement to SDVI under 38 U.S.C. § 1922. The Board found that the veteran was not service connected for any disability at the time of his death. The Board noted that under the provisions of 38 U.S.C. § 1922, a veteran may be entitled to SDVI if he has a service-connected disability and he applies for the insurance within two years of the grant of service connection. However, the Board found that an award of compensation for all purposes under 38 U.S.C. § 1151 is not equivalent to an award of service connection for all purposes, and does not entitle the veteran to the identical benefits afforded to veterans who have a service-connected disability.

## II. ANALYSIS

### A. Section 1151 Benefits and Case Law

The question of whether a veteran receiving compensation under 38 U.S.C. § 1151 is entitled to chapter 19 benefits, specifically SDVI, is an issue of first impression before the Court. This issue is a question of law, and therefore the Board's decision in this matter is reviewed by this Court de novo. *See Pappalardo v. Brown*, 6 Vet.App. 63, 64 (1993).

The appellant's spouse was awarded compensation under 38 U.S.C. § 1151, which provides in pertinent part:

> Where any veteran shall have suffered an injury, or an aggravation of an injury, as the result of hospitalization, medical or surgical treatment . . . not the result of such veteran's own willful misconduct, and such injury or aggravation results in additional disability to or the death of such veteran, disability or death compensation *under this chapter* and [DIC] *under chapter 13 of this title* shall be awarded in the same manner *as if* such disability, aggravation, or death were service-connected.

38 U.S.C. § 1151 (emphasis added). In *Gardner v. Derwinski*, 1 Vet.App. 584 (1991), *aff'd sub nom. Gardner v. Brown*, 5 F.3d 1456 (Fed. Cir. 1993), *aff'd sub nom Brown v. Gardner*, 513 U.S. 115 (1994), the Court emphasized that the plain meaning of a statute "must be given effect unless a

3

'literal application of [it] will produce a result demonstrably at odds with the intention of the drafters.'" *Gardner v. Derwinski*, 1 Vet.App. 584, 586-87 (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564 (1982)). Only where a statute's plain meaning leads to such an absurd result that Congress clearly never could have intended it is this "plain meaning rule" abandoned for a review of the applicable legislative history and statutory construction. *Id.* at 587-88. *See also Thayer v. Principi*, 15 Vet.App. 204, 210 (2001) (en banc) (holding that when interpreting statute, Court must avoid "[a] conclusion that . . . is not supported when construing every part or section of the statute and would yield an absurd result").

In *Mintz v. Brown*, 6 Vet.App. 277 (1994), the Court considered whether the widow of a veteran awarded compensation under 38 U.S.C. § 1151 was entitled to Chapter 23 benefits for burial costs. In analyzing 38 U.S.C. § 1151, the Court noted:

> The plain meaning of 38 U.S.C. § 1151 is unambiguous: a finding of "as if" service connection creates entitlement in appropriate instances to "disability or death compensation under [chapter 11] and [DIC] under chapter 13 of" title 38; conspicuously absent is any reference to chapter 23. Therefore, a claimant receiving a favorable ruling of "as if" service connection under that section would be entitled to any applicable benefits under chapters 11 or 13. However, such a claimant would not be entitled to chapter 23 burial benefits, including reimbursement of $1500 under 38 U.S.C. § 2307, unless service connection is established under a statutory provision other than 38 U.S.C. § 1151. Simply stated, a determination of "as if" service connection under 38 U.S.C. § 1151 may create entitlement to benefits under chapters 11 and 13, but not to benefits under chapter 23.

*Mintz*, 6 Vet.App. at 282-83. Clearly, a veteran who has been awarded benefits under 38 U.S.C. § 1151 is not considered to have been awarded service connection for purposes of receiving all ancillary benefits offered for veterans with service-connected disabilities. On the contrary, the Court ruled in *Mintz* that such a veteran is entitled only to chapter 11 benefits, DIC benefits under chapter 13, and to benefits under Chapter 23 only if "service connection is established under a statutory provision other than 38 U.S.C. § 1151." *Mintz*, 6 Vet.App. at 283.

Recently, this Court considered whether a veteran receiving compensation under 38 U.S.C. § 1151 is entitled to receive chapter 21 and/or chapter 39 ancillary benefits in *Kilpatrick*, *supra*. The Court determined that such a veteran is entitled to chapter 21 ancillary benefits because the applicable statute in that case, 38 U.S.C. § 2101(a), authorized such benefits for "any veteran who

is entitled to compensation under chapter 11 of this title." *Id*. at 5. A veteran receiving compensation under 38 U.S.C. § 1151 clearly is entitled to benefits under chapter 11, and therefore, the Court ruled, is eligible for chapter 21 benefits. The Court did not decide the issue of eligibility to receive chapter 39 benefits by virtue of 38 U.S.C. § 1151 entitlement, as it remanded that issue for reconsideration, determining that the BVA had erred in its interpretation of a general counsel precedential opinion.

The Secretary, in both his supplemental memorandum of law and at oral argument, argues that the Court's decision in *Kilpatrick* has, in effect, been overruled by *Gallegos v. Principi*, 283 F.3d 1309 (Fed. Cir. 2002), a recent decision of the U.S. Court of Appeals for the Federal Circuit (Federal Circuit). The Secretary argues that in *Kilpatrick* the Court did not give proper deference to a regulation promulgated by VA, and that the Federal Circuit in *Gallegos* overturned a Court decision that, it ruled, had failed to give proper deference to a VA regulation relating to NOD requirements. The Court notes that as there is no regulation at issue in the present case, nor is there any Agency or Department interpretation of section 1922 for our consideration, the question of deference does not arise. The Court finds the operative language in 38 U.S.C. § 1922 distinguishable from the language at issue in *Kilpatrick*, and will affirm the Board's decision under principles set forth in *Mintz* (and, incidentally, applied in *Kilpatrick* as well), as explained *infra*. We therefore need not reach the question of whether, regarding giving proper deference to a VA regulation, the Federal Circuit has implicitly overruled *Kilpatrick* in *Gallegos*.

### B. Chapter 19 Ancillary Benefits

Neither *Mintz* nor *Kilpatrick* afforded the Court an opportunity to consider a veteran's entitlement to chapter 19 benefits by virtue of an award of compensation under 38 U.S.C. § 1151. In *Mintz* and *Kilpatrick*, the Court clarified that a veteran receiving 38 U.S.C. § 1151 compensation is eligible for benefits (other than chapter 11 and DIC benefits) only if language in another statutory provision so permits. *Mintz*, 6 Vet.App. at 283; *Kilpatrick*, 16 Vet.App. at 5. Therefore, the Court now turns to the language in chapter 19.

The appellant seeks life insurance benefits for her deceased veteran husband under 38 U.S.C. § 1922. Subsection (a) reads, in pertinent part:

5

> Any person who is released from active military, naval, or air service, under other than dishonorable conditions . . . and is found by the Secretary to be suffering from a disability or disabilities for which compensation would be payable if 10 per centum or more in degree . . . shall, upon application in writing made within two years *from the date service-connection of such disability is determined* by the Secretary and payment of premiums as provided in this subchapter, be granted insurance by the United States against the death of such person occurring while such insurance is in force.

38 U.S.C. § 1922(a) (emphasis added). In short, in order for a veteran to be eligible for SDVI, he or she must apply for it within two years of being awarded service connection for a disability, which would entitle the veteran to compensation if rated at 10% or more.

The Court rejects the appellant's argument that the term "service connection" in the above-cited statute is simply used as a "time marker." The Court is bound by the definitions of terms provided in the statutes and regulations, and there is no basis for interpreting the language as the appellant would have us do. As defined in 38 C.F.R. § 3.1(k), "Service connected means, with respect to disability or death, that such disability was incurred or aggravated, or that death resulted from a disability incurred or aggravated, in line of duty in the active military, naval, or air service." 38 C.F.R. § 3.1(k) (2001). In the present case, the veteran was not awarded service connection for any disability. The veteran was awarded compensation under a different premise entirely: the veteran suffered harm as a result of medical treatment at a VA clinic. This harm entitled him to chapter 11 benefits and entitled his spouse to chapter 13 DIC benefits after his death, under 38 U.S.C. § 1151, simply because that statute permits such an award for a veteran who suffers a harm resulting from VA medical care "*as if* such disability, aggravation, or death were service-connected." 38 U.S.C. § 1151 (emphasis added). The statute does not confer on such a veteran the status of service connection, but rather permits the disability to be treated *as if* it were service connected in certain limited circumstances – namely, for the purpose of receiving chapter 11 benefits and chapter 13 DIC benefits.

The appellant points out that the RO's June 1996 decision granting the veteran 38 U.S.C. § 1151 benefits uses the language of "service connection" when describing his award of benefits. However, in the context of the explanation provided in that decision, and in light of the statute relied upon to award such benefits, it is clear that the RO was awarding compensation under 38 U.S.C.

6

§ 1151 for the veteran's malignant neoplasms of the genitourinary system and for his malignant bone growth, not service connection. In light of the wording of both 38 U.S.C. § 1151 and 38 U.S.C. § 1922, the Court holds that a veteran receiving compensation under 38 U.S.C. § 1151 is not eligible for SDVI benefits under chapter 19.

### III. CONCLUSION

After consideration of the pleadings, the record, and the positions taken at oral argument, the Court holds that the appellant has not demonstrated that the Board committed either legal or factual error that would warrant reversal or remand. The January 2000 decision of the Board is AFFIRMED.

FARLEY, *Judge*, concurring: In an order dated March 27, 2002, the Court required the parties to address the impact of *Kilpatrick v. Principi*, 16 Vet.App. 1 (2002), if any, on this case. Both parties in this matter argued that the Court could decide the matter in their favor irrespective of the Court's decision in *Kilpatrick*. I agree, and although I concur in the opinion of the majority, I write separately merely to emphasize this point.

In *Mintz v. Brown*, 6 Vet.App. 277 (1994), we held that 38 U.S.C. § 1151 does not entitle its beneficiaries to the same benefits as veterans who have service-connected disabilities. Excepted are benefits available in chapters 11 and 13 of title 38 because specific references to those chapters appear in § 1151. Thus, the Court held in *Mintz* that 38 U.S.C. § 2307, which authorizes the payment by VA of funeral and burial expenses for veterans who die "as the result of a *service-connected* disability or disabilities*," does not authorize payment to veterans who had been awarded benefits under 38 U.S.C. § 1151, unless that veteran had been awarded *service-connection* under some other section. Nothing in *Mintz* precluded, nor could it have precluded, Congress from authorizing the payment of any other benefits under title 38 to veterans receiving benefits under 38 U.S.C. § 1151.

The Court in *Kilpatrick* found that, while section 1151 does not authorize the payment of specially adaptive housing benefits, payment of such benefits to section 1151 beneficiaries was authorized by section 2101. The Court concluded that the phrase in section 2101 "any veteran

7

entitled to compensation under chapter 11 of [title 38]" encompassed veterans receiving benefits under section 1151. *Kilpatrick* did not find the immediately following phrase in section 2101, "for permanent and total service-connected disability," to have limited the scope of the first, broader portion of the sentence. I believe a better reading of that language is that the second clause modifies the first and specifically excludes section 1151 beneficiaries, rather than the first clause expanding the second to include section 1151 beneficiaries. Irrespective of its questionable merit and uncertain longevity, however, as both parties have demonstrated in their supplemental briefs and at oral argument in this matter, nothing in *Kilpatrick* impinges upon our interpretation of the statute, 38 U.S.C. § 1922, which is before us today.

Section 1922 makes insurance available to veterans "found by the Secretary to be suffering from a disability or disabilities for which compensation would be payable at 10 per centum or more in degree" if an application is made "within two years from the date service-connection of such disability is determined by the Secretary." 38 U.S.C. § 1922(a). Just as the burial benefits sought in *Mintz* were not enumerated in section 1151, the insurance benefits at issue here are not specifically provided for in section 1151. Nor does the plain language of section 1922 specifically include veterans receiving benefits under section 1151. In order for "any person" to apply for benefits "within two years from the date service-connection . . . is determined," *service connection* must be determined. A veteran receiving compensation only under 38 U.S.C. § 1151 has never had any disability found to be *service connected*. Thus, he or she cannot meet the requirements to receive benefits under section 1922.