# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 00-39

MATILDA BONNY, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued September 25, 2002                    Decided   December 10, 2002  )

*Douglas J. Rosinski*, of Washington, D.C., for the appellant.

*Patricia Trujillo*, with whom *Tim S. McClain*, General Counsel; *R. Randall Campbell*, Acting Assistant General Counsel; and *Joan E. Moriarity*, Deputy Assistant General Counsel, were on the brief, all of Washington, D.C., for the appellee.

Before KRAMER, *Chief Judge*, and FARLEY and IVERS, *Judges*.

IVERS, *Judge*: The appellant, Matilda Bonny, is the widow of veteran William H. Bonny, who died on August 15, 1995. She seeks reversal of a September 27, 1999, decision by the Board of Veterans' Appeals (BVA or Board), which granted accrued benefits to her for the period not to exceed two years prior to the date of her husband's death. The appellant's entitlement to accrued benefits was based on a finding that disability compensation had been due and owing to the veteran upon his death. The appellant asserts that she is entitled to payment of the full amount of benefits due and unpaid to the veteran at the time of his death. The Court's jurisdiction to review this matter is established by 38 U.S.C. § 7252. For the reasons contained herein, the Court will reverse the Board's September 1999 decision and remand this matter to the Board for appropriate action.

## I.  FACTS

The appellant's deceased husband served in the U.S. Army from January 1941 to September

1945. Record (R.) at 10. He sustained service-connected gunshot wounds that were evaluated as 30% disabling, combined. R. at 14. An August 10, 1995 administrative review of the veteran's claims file resulted in a determination that a February 26, 1948, regional office (RO) decision contained clear and unmistakable error (CUE) and that the veteran's combined disability evaluation should have been 50%, effective January 28, 1948. R. at 14-16; *see* R. at 21. The August 10, 1995, administrative decision instructed that retroactive benefits should be granted accordingly. *Id.* Five days after the administrative decision, on August 15, 1995, the veteran died. R. at 18.

In September 1995, the appellant submitted an application for VA surviving spouse benefits. R. at 23-26. An RO decision dated that same month granted accrued benefits to the appellant, pursuant to 38 U.S.C. § 5121, "payable for one year prior to the veteran's death." R. at 35. The appellant disagreed with the one-year limit, pointing out that the veteran had received an award of benefits retroactive to January 28, 1948, and that, therefore, the full amount of that award should be paid to her. R. at 38-39, 51.

In the BVA decision that is the subject of this appeal, the Board noted a change in the law that enlarged the time limit for awards of accrued benefits from one year to two years. R. at 4. The Board extended the award of accrued benefits to the appellant to the amount equal to what would have been due to the veteran for the two years prior to his death, but denied the appellant's "claim for payment of disability compensation due and owing to the veteran from January 28, 1948." R. at 6.

## II. ANALYSIS

Although she received an award of "accrued benefits" under 38 U.S.C. § 5121, the appellant has asserted that she should be paid the full amount of the past-due benefits awarded to her husband shortly before his death. She argues that the plain meaning of the statutory clause "due and unpaid for a period not to exceed two years," as it appears in 38 U.S.C. § 5121(a), is not as the Board construed and applied it. Appellant's Brief (Br.) at 15-23. She contends that the two-year limitation does not apply to the amount to be paid, but rather sets a time limit for which payment of an award of benefits can be pending in order for the award to be paid as accrued benefits upon the death of a veteran. *Id.* at 16. She contends that, because her deceased husband's award was pending payment

2

for only five days prior to his death, the full amount should be paid to her as accrued benefits. *Id.* at 16-17. The Court rejects this argument.

This Court and the United States Court of Appeals for the Federal Circuit (Federal Circuit) have clearly defined the meaning of the two-year limitation concerning accrued benefits available under 38 U.S.C. § 5121. The principal decisions from the Federal Circuit, *Richard v. West*, 161 F.3d 719 (Fed. Cir. 1998), and *Haines v. West*, 154 F.3d 1298 (Fed. Cir. 1998), *cert. denied*, 526 U.S. 1016 (1999), each reinforced the rule that a claim for VA disability benefits does not survive the death of a veteran, but that certain survivors of a veteran can claim accrued benefits under 38 U.S.C. § 5121. Regarding the two-year limit for accrued benefits, the Federal Circuit stated:

> [The] accrued benefits provision [of 38 U.S.C. § 5121] is limited. A survivor may only seek payment of those benefits which were "due and unpaid" at the time of the veteran's death. The statute also limits payment to those benefits that were due and unpaid "for a period not to exceed two years" prior to the veteran's death.

*Haines*, 154 F.3d at 1300 (citations omitted).

Likewise, in *Marlow v. West*, 12 Vet.App. 548 (1999), this Court reiterated the meaning of the two-year limit, noting that it was indisputable that the veteran in that case had been "fully compensated during the two years prior to his death" and that, therefore, there were no accrued benefits to claim. *Id.* at 551. The appellant's suggestion that the two-year time limit means a two-year period after the death of a veteran in which payment of accrued benefits can be made is not persuasive in light of the meaning of the time-limit clause that has been repeatedly stated in case law.

As an alternate argument for this appeal, the appellant has asserted that "accrued benefits," as referenced in section 5121, are a statutorily defined subset of "periodic monetary benefits." Appellant's Supplemental (Suppl.) Br. at 10; *see* 38 U.S.C. § 5121(a). She claims entitlement to periodic monetary benefits to which her husband was entitled at death, not to accrued benefits arising after his death. Appellant's Suppl. Br. at 10. Under the circumstances of this case, the Court accepts the essence of this latter argument as valid.

The text of part (a) of section 5121 reads, in relevant part, as follows:

> Except as provided in sections 3329 and 3330 of title 31, periodic monetary benefits (other than insurance and servicemen's indemnity) under laws administered by the Secretary to which an

individual was entitled at death under existing ratings or decisions, or those based on evidence in the file at date of death (hereinafter in this section and section 5122 of this title referred to as "accrued benefits") and due and unpaid for a period not to exceed two years, shall, upon the death of such individual be paid as follows:

. . . .

(2) Upon the death of a veteran, to the living person first listed below:

(A) The veteran's spouse.

38 U.S.C. § 5121(a). The punctuation and wording of this paragraph convey its plain meaning. *See Gardner v. Brown*, 5 F.3d 1456, 1458-59 (Fed. Cir. 1993), *aff'd*, 513 U.S. 115 (1994) (holding that if language of statute is clear, no further inquiry into intent of Congress is required).

The comma in the middle of paragraph (a), between "decisions" and "or," and the use of the conjunction "or" after the comma, indicate that the separated phrases state substantive alternatives. 38 U.S.C. § 5121(a). The paragraph provides for payment of (1) periodic monetary benefits to which an individual was entitled at death under existing ratings or decisions, which the Court will call "benefits awarded but unpaid", or (2) periodic monetary benefits based on evidence in the file at the date of an entitled individual's death and due and unpaid for a period not to exceed two years, which are called "accrued benefits" for purposes of sections 5121 and 5122. *Id*.

The Court notes that the regulation promulgated by the Secretary for implementation of 38 U.S.C. § 5121(a), 38 C.F.R. § 3.1000, potentially changes the effect of the punctuation in the statute. The regulation reads, in pertinent part:

[P]eriodic monetary benefits . . . authorized under laws administered by [VA], to which a payee was entitled at his death under existing ratings or decisions, or those based on evidence in the file at date of death, and due and unpaid for a period not to exceed 2 years prior to the last date of entitlement as provided in § 3.500(g) will, upon the death of such person, be paid [to certain listed individuals].

38 C.F.R. § 3.1000(a). In the regulation, the Secrectary added a comma that could have the effect of imposing the two-year limitation on benefits awarded but unpaid as well as on accrued benefits. Any such interpretation of the regulation would conflict with the intent expressed in 38 U.S.C. § 5121(a), as explained above, and would be beyond the Secretary's authority. *See Gardner*, 5 F.3d at 1464 (holding that the Secretary's statutory authority to make regulations may only carry out the

4

purposes of an act of Congress, and may not amend the act).

The important distinction between the two types of periodic monetary benefits is that one type of benefits is due to be paid to the veteran at his death and one type is not. As to the former, when the benefits have been awarded but not paid pre-death, an eligible survivor is to receive the entire amount of the award. The right to receive the entire amount of periodic monetary benefits that was awarded to the eligible individual shifts to the eligible survivor when payment of the award was not made before the eligible individual died. This interpretation of 38 U.S.C. § 5121(a) is completely consistent with the plain language of the statute, as previously quoted and interpreted herein.

As to the latter type of periodic monetary benefits, what is determinative regarding accrued benefits is that evidence in the individual's file at the date of death supports a decision in favor of awarding benefits. Because the benefits cannot be awarded to the deceased individual, an eligible survivor can claim a portion of those accrued benefits. *See Richard*, *Haines*, and *Marlow*, all *supra*.

The Secretary has argued that the termination-of-right provision of 38 U.S.C. § 5112(b) applies in this case to preclude the appellant from any award other than the accrued benefits award that she has received. Secretary's Suppl. Br. at 15-16. The Secretary cites *Seymour v. Principi*, 245 F.3d 1377 (Fed. Cir. 2001), in support of this argument, for the same rule as that found in *Richard* and *Haines*, that is, the rule that a survivor of a veteran may pursue a claim for accrued benefits. Secretary's Suppl. Br. at 15-16. We reject the Secretary's argument because, in *Seymour* as in *Richard* and *Haines*, the appeal involved accrued benefits, not benefits awarded but unpaid. The Court has explained herein the distinction between these two types of benefits available to survivors of veterans under 38 U.S.C. § 5121. Moreover, the Secretary acknowledged at oral argument that, when a veteran is the recipient of periodic monetary benefits under 38 U.S.C. § 5121(a) by virtue of the death of an apportionee of that veteran, pursuant to regulation, that veteran is not limited to receiving two years of benefits but rather would be entitled, if applicable, to receive the full amount of benefits involved. *See* 38 U.S.C. § 5121(a)(1); 38 C.F.R. § 3.1000(b)(1).

The parties to this appeal do not dispute the Board's conclusion that the appellant, as the spouse of the deceased veteran, was eligible to receive benefits under 38 U.S.C. § 5121. *Cf. Wilkes v. Principi*, 16 Vet.App. 237, 242 (2002) (finding that the appellant was not person eligible to receive

5

benefits under 38 U.S.C. § 5121where benefits had been awarded to veteran but were unpaid upon his death). The Court holds that the appellant was entitled to receive section 5121 benefits awarded but unpaid, that is, the full amount of periodic monetary benefits to which her deceased husband, the veteran, was entitled at death under an existing decision, the 1995 VA administrative decision.

The Board determined that all periodic monetary benefits referred to in 38 U.S.C. § 5121 are accrued benefits, regardless of their adjudicative status. R. at 5. The Board found no apparent statutory basis for disbursing to the appellant the entire amount of money that had been awarded to her deceased husband before his death. *Id*. By distinguishing two types of benefits provided under 38 U.S.C. § 5121, the Court has negated the Board's more limiting interpretation of the statute. Because the Board's erroneous interpretation of 38 U.S.C. § 5121 resulted in an award to the appellant of accrued benefits, and the Court has determined that she was entitled by law, under 38 U.S.C. § 5121, to benefits awarded but unpaid, the Board's decision will be reversed. *See Otero-Castro v. Principi*, 16 Vet.App. 375, 380-82 (2002) (discussing reversal with regard to statutory and regulatory interpretation).

### III. CONCLUSION

Accordingly, the September 27, 1999, BVA decision is REVERSED and this matter is REMANDED to the Board for an award to the appellant of the full amount of periodic monetary benefits due and owing her deceased husband, the veteran, as determined by the August 10, 1995, VA administrative decision.