UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-1925

Pamela J. Sharp, Appellant,

v.

Anthony J. Principi,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Decided    January 21, 2004  )

*Sandra E. Booth*, of Columbus, Ohio, was on the briefs for the appellant.

*Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Carolyn F. Washington*, Deputy Assistant General Counsel; and *Robert W. Legg*, all of Washington, D.C., were on the brief for the appellee.

Before KRAMER, *Chief Judge*, and FARLEY and STEINBERG, *Judges*.

KRAMER, *Chief Judge*:  The appellant, through counsel, appeals a July 11, 2001, Board of Veterans' Appeals (Board or BVA) decision that denied her claim for accrued benefits. Record (R.) at 2, 8-10.  The appellant and the Secretary have filed briefs, and the appellant has filed a reply brief.  This appeal is timely, and the Court has jurisdiction pursuant to 38 U.S.C. §§ 7252(a) and 7266(a).  For the reasons that follow, the Court will affirm the July 2001 Board decision.

I.  Background

The veteran, the appellant's husband, served on active duty from October 1968 to March 1971.  R. at 72-73.  A VA regional office (RO), in a September 1995 decision, inter alia, awarded the veteran service connection for bilateral hip replacements due to avascular necrosis and assigned a combined disability rating of 60%, effective November 23, 1988, and 100%,

effective March 16, 1994. R. at 551-54. In a December 1996 letter, the RO notified the veteran that, effective January 1, 1997, he was entitled to "additional benefits" for his spouse and child and that his "disability compensation" would be amended accordingly. R. at 653; *see* 38 U.S.C. § 1115 (additional compensation for dependents); *see also* R. at 559-63 (December 1, 1995, RO letter to veteran informing him of his potential entitlement to additional compensation for dependents and that, if certain requested information regarding any dependents was not received within one year after date of letter, RO would not be able to pay such additional benefits prior to date that it received requested information), 634 (December 6, 1996, letter from veteran to RO regarding dependency information).

The RO, in a November 30, 1998, letter, informed the veteran, inter alia, (1) of its May 1998 decision awarding him a rating of total disability based upon individual unemployability, effective November 23, 1988 (*see* R. at 983-87), and (2) that, "[s]tarting January 1, 1997," his disability compensation would include additional compensation "because [d]ependents [had been] added." R. at 991-92 (emphasis omitted). The veteran subsequently appealed the RO determination as to the January 1997 effective date for the additional compensation paid to him for his dependents; specifically, he sought an effective date of December 1, 1988. R. at 1002-03 (December 1998 Notice of Disagreement), 1036 (May 1999 Substantive Appeal). On December 18, 1999, the veteran died. *See* R. at 1039. The appellant, in January 2000, submitted an application for, inter alia, accrued benefits. R. at 1045-48. In March 2000, the RO informed the appellant that it had denied her accrued-benefits claim (R. at 1055), and the appellant timely appealed to the Board that RO decision (R. at 1075-76, 1104-05).

In its July 2001 decision, the Board first concluded that the appellant's claim is derivative of the veteran's claim and that she has no "independent status or standing to bring a claim for increased dependency allowance" prior or subsequent to the veteran's death. R. at 9. The BVA then concluded that, because the veteran's claim was pending at his death, the appellant is limited to receiving those benefits that accrued "within the last two years of [the veteran's] life." R. at 10. The Board denied the appellant's claim for accrued benefits because the veteran had received all benefits that had accrued during the two years prior to his death. *Id.*

## II. Analysis

Pursuant to 38 U.S.C. § 5121,

> periodic monetary benefits . . . under laws administered by the Secretary to which an individual was entitled at death under existing ratings or decisions, or those based on evidence in the file at date of death (hereinafter in this section . . . referred to as "accrued benefits") and due and unpaid for a period not to exceed two years, shall, upon the death of such individual be paid [to certain listed individuals].

38 U.S.C. § 5121(a). Specifically, section 5121 provides for two distinct types of periodic monetary benefits that may be available to eligible survivors. *Bonny v. Principi*, 16 Vet.App. 504, 507 (2002). The first type is "benefits awarded but unpaid" to a veteran under existing ratings or decisions at the time of his or her death; an eligible survivor is entitled to receive the entire amount of any such benefits. *Id.* The second type is "accrued benefits" to which a veteran was entitled based on evidence in his or her file at the time of his or her death; an eligible survivor is limited to receiving any such benefits that were due and unpaid to the veteran during the two-year period prior to his or her death. *Id.* at 507-08. In this regard, the Veterans Benefits Act of 2003 (VBA of 2003) was enacted on December 16, 2003. VBA of 2003, Pub. L. No. 108-183, 117 Stat. 2651. As is relevant here, the VBA of 2003 eliminated the two-year limitation on the payment of accrued benefits but that statutory revision is not applicable in this case because Congress explicitly made the repeal of that two-year limitation applicable with respect to deaths occurring on or after the VBA of 2003's date of enactment (December 16, 2003). VBA of 2003 § 104(a), (d), 117 Stat. at 2656.

On appeal, the appellant first argues that her claim is not a claim for accrued benefits under section 5121. Rather, she contends that section 1115 benefits are intended to compensate the dependents of veterans and that dependents therefore have a property interest in those benefits, which is not extinguished by the veteran's death. She thus asserts that she is entitled to receive the full amount of any retroactive section 1115 benefits based on her veteran-husband's pending claim; specifically, she appears to be claiming entitlement to dependency compensation for the period from December 1, 1988, to December 31, 1996. Appellant's Brief (Br.) at 8-14; Reply Br. at 1-6. The appellant's argument is unavailing for several reasons.

3

First, the appellant has failed to demonstrate that she has standing to pursue her asserted section 1115 claim. *See Swan v. Derwinski*, 1 Vet.App. 20, 22-23 (1990) (appellant must have standing to pursue appeal); *Mokal v. Derwinski*, 1 Vet.App. 12, 13 (1990) (Court adopted jurisdictional restrictions of Article III case-or-controversy rubric). In this regard, in *Redding v. West*, this Court, after quoting the language of section 1115, concluded that, "[i]f the requisite criteria to receive 'additional compensation' under section 1115 . . . are met, the benefit flows to only the veteran or his legal representative." *Redding*, 13 Vet.App. 512, 514 (2000) (appellant, who was wife of disabled veteran, was seeking benefits under section 1115 for herself for regular aid and attendance of another person). The Court then concluded that the appellant "ha[d] no 'personal stake in the outcome of the controversy[, i.e., the section 1115 claim,]' because, should her claim be successful, the benefit would flow to the veteran, and not to her, in accordance with section 1115." *Id*. at 515 (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)). The Court held that the appellant in *Redding* therefore had failed to demonstrate that she had standing to pursue an appeal from an RO's denial of the section 1115 claim. *See id*. at 514-15. Similarly, the appellant here has failed to demonstrate that, prior to the veteran's death, she would have had standing to pursue a section 1115 claim. *See Redding, supra*. In addition, she has failed to demonstrate that, subsequent to the veteran's death, she could have standing to pursue such a claim. *See Landicho v. Brown*, 7 Vet.App. 42, 52-54 (1994) (veteran's chapter 11 disability compensation claims "die[] with him"; substitution of party not permissible in this Court where appellant is veteran who dies while Board's denial of veteran's claim for disability compensation under chapter 11 of title 38, U.S. Code, is pending here on appeal).

Further, the appellant has failed to demonstrate that she has a property interest in any section 1115 benefits for the period from December 1, 1988, to December 31, 1996. In this regard, the very status of the claim for any such benefits, i.e., pending, appears to defeat the appellant's argument because she cannot show that she was in receipt of those benefits at any time. *See Owings v. Brown*, 8 Vet.App. 17, 23 (1995) (noting distinction between recipients of and applicants for benefits), *aff'd*, 86 F.3d 1178 (Fed. Cir. 1996) (table). The appellant also, as discussed in the preceding paragraph, has not shown that there is any statutory source for her asserted property interest in any retroactive section 1115 benefits. *See Owings*, *supra*.

Moreover, the appellant's construction of the statute, i.e., that it is intended to compensate dependents (*see* Appellant's Br. at 10-11), is unavailing. In this regard, section 1115 is included in chapter 11 of title 38 of the U.S. Code. That chapter governs claims for compensation by veterans for their service-connected disabilities and by survivors for a veteran's service-connected death. *See Landicho*, 7 Vet.App. at 47. Specifically, as is applicable here, 38 U.S.C. § 1110 explicates a veteran's basic entitlement to disability compensation, and 38 U.S.C. § 1114 delineates the rates of such disability compensation. 38 U.S.C. §§ 1110 (basic entitlement to wartime disability compensation), 1114 (rates of wartime disability compensation). Section 1115 then provides that "[a]ny *veteran* entitled to compensation at the rates provided in section 1114 . . . shall be entitled to *additional* compensation for dependents" (38 U.S.C. § 1115 (emphasis added)), i.e., "a person who served in the active . . . service and who was discharged or released under conditions other than dishonorable" (38 C.F.R. § 3.1(d) (2003) (definition of "veteran")) and who already is entitled to some amount of compensation for his service-connected disability also is entitled to an "increase" (MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 13 (10th ed. 1999) (definition of "addition" (referred to in definition of "additional"))) in that compensation amount because he has dependents. *See* 38 U.S.C. § 101(13) (defining compensation as monthly payment made by Secretary to veteran because of service-connected disability or to veteran's survivor because of veteran's service-connected death prior to January 1, 1957).

Thus, the appellant has failed to account both for the placement of section 1115 within the veterans' disability compensation provisions and the plain language of section 1115. *See Good Samaritan Hosp. v. Shalala*, 508 U.S. 402, 409 (1993) (starting point in interpreting statute is its language); *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984) (if intent of Congress is clear, that is end of matter; for court, as well as agency, must give effect to unambiguously expressed intent of Congress); *see also* 38 U.S.C. § 7261(a)(1) (scope of review); *Trilles v. West*, 13 Vet.App. 314, 321 (2000) (en banc). Further, the appellant has failed to recognize that when Congress wished to provide chapter 11 benefits for someone other than a veteran, it did so explicitly. *See* 38 U.S.C. §§ 1121 (basic entitlement to wartime death compensation for death prior to Jan. 1, 1957), 1122 (rates of wartime death compensation), 1141 (basic entitlement to peacetime death compensation for death prior to Jan. 1, 1957), 1142 (rates of

peacetime death compensation); *Meeks v. West*, 12 Vet.App. 352, 354 (1999) (each part or section of statute should be construed in connection with every other part or section so as to produce harmonious whole), *aff'd*, 216 F.3d 1363 (Fed. Cir. 2000).

The Court thus concludes that, because any retroactive section 1115 benefits belonged to the veteran, not to the appellant (thus she has no property interest in any such benefits), and because the veteran's claim was extinguished by his death, any claim to benefits that the appellant may have would arise under section 5121. *See Redding* and *Owings*, both *supra*; *Landicho*, 7 Vet.App. at 52 (veteran's chapter 11 disability compensation claims "die[] with him"; section 5121 is only avenue for qualified survivor to carry on, to limited extent provided in statute, veteran's claim).

As to section 5121, the appellant argues that, although that section limits accrued benefits to which an eligible survivor may be entitled to two years of such benefits, that section does not limit that two-year period to "the two years . . . immediately preceding the death of the veteran." Appellant's Br. at 14. The appellant contends, therefore, that 38 C.F.R. § 3.1000(a) is invalid "to the extent that it limits [VA's] liability [for accrued benefits] to the two[-]year period immediately preceding the veteran's death" (Appellant's Br. at 18) and that she is entitled to accrued benefits, i.e., dependents compensation under section 1115, for any two-year period prior to her husband's death. Appellant's Br. at 14-19; Reply Br. at 6-8; *see* 38 U.S.C. § 5121; 38 C.F.R. § 3.1000(a) (2003) (accrued benefits under section 5121). In this regard, as the appellant implicitly concedes, any claim that she may have is a claim for accrued benefits because the veteran's claim for an earlier effective date for the payment of dependents benefits under section 1115 was pending at his death.

The appellant's argument, however, is unavailing. This Court, relying upon, inter alia, the language of section 5121, has stated specifically that "[t]he 'two years' [for which accrued benefits may be paid] are limited to [the two years] immediately preceding the veteran's death." *Marlow v. West*, 12 Vet.App. 548, 551 (1999) (concluding, as matter of law, that, because veteran had been compensated fully during two years prior to his death, there were no accrued benefits for daughter to claim), *aff'd*, 232 F.3d 905 (Fed. Cir. 2000) (table); *see Bonny*, 16 Vet.App. at 506 (discussing *Marlow*, *supra*, and stating, in addressing meaning of two-year period for accrued benefits, that such meaning "ha[s] been] clearly defined" by U.S. Court of Appeals for Federal

Circuit and this Court); *see also Tobler v. Derwinski*, 2 Vet.App. 8, 14 (1991) (per curiam order) ("a decision of this Court, unless or until overturned . . . , is a decision of the Court on the date it is issued; any rulings, interpretations, or conclusions of law contained in such a decision are authoritative and binding as of the date the decision is issued"). Hence, given the Court's interpretation of section 5121 as expressed in *Bonny* and *Marlow*, both *supra*, i.e., that the statute limits the two-year period to the two years immediately preceding the veteran's death, the appellant's contentions as to her entitlement to accrued benefits for any two-year period prior to her veteran-husband's death lack merit. *See Good Samaritan Hosp.* and *Chevron*, both *supra*; *see also* 38 U.S.C. § 7261(a)(1); *Trilles*, *supra*; *cf. Chevron*, 467 U.S. at 843 (power of agency to administer congressionally created program necessarily requires making of rules to fill any gap left, implicitly or explicitly, by Congress). The Court thus concludes that, because (as the Board concluded and the parties do not dispute) the veteran was compensated fully under section 1115 for the two years immediately preceding his death, there are no accrued benefits for the appellant to claim.

Accordingly, for the reasons discussed above, the Court will affirm the July 2001 Board decision.

### III. Conclusion

Based upon the foregoing analysis, the record on appeal, and the parties' pleadings, the July 11, 2001, Board decision is AFFIRMED.