Carol L. TERRY, Claimant–Appellant,

v.

Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.

No. 03–7107.

United States Court of Appeals, Federal Circuit.

DECIDED: May 10, 2004.

Kenneth M. Carpenter, Carpenter Chartered, of Topeka, Kansas, argued for claimant-appellant.

Nancy M. Kim, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; and James M. Kinsella, Deputy Director. Of counsel on the brief were Richard J. Hipolit, Deputy Assistant General Counsel; and Jamie L. Mueller, Attorney, United States Department of Veterans Affairs, of Washington, DC. Of counsel were Domenique Kirchner, Principal Attorney; and Kathleen A. Kohl, Attorney, United States Department of Justice, of Washington, DC.

Before RADER, DYK, and PROST, Circuit Judges.

Opinion for the court filed by Circuit Judge PROST. Opinion concurring in the result filed by Circuit Judge DYK.

PROST, Circuit Judge.

The appellant, Carol Terry, appeals the Court of Appeals for Veterans Claims' interpretation of the two-year limitation found in 38 U.S.C. § 5121(a) (2000).[1] The

---

1. The Veterans' Benefits Act of 2003 amended 38 U.S.C. § 5121(a) to remove the two-year limitation period on a survivor's recovery of accrued benefits. P.L. 108–183 § 104(a). Thus, the current version of § 5121(a) does not limit a survivor's recovery of accrued benefits to a maximum time period. The 2003 amendment to § 5121(a) was not, how-

Court of Appeals for Veterans Claims interpreted the statute as limiting survivors of veterans to recovery only of those benefits that accrued in the two years immediately preceding a veteran's death. *Terry v. Principi,* No. 01–1510, 2003 WL 359970 (Vet.App. Feb. 13, 2003). Because we hold that the clear and unambiguous terms of § 5121(a) do not so limit a survivor's potential recovery, we reverse the decision of the Court of Appeals for Veterans Claims and remand this case for further proceedings consistent with this opinion.

## BACKGROUND

The facts of this case are not disputed. The appellant, Carol Terry, is the spouse of deceased Army veteran Vander Terry ("Mr. Terry"). Mr. Terry served in the Army between 1956 and 1978. In May of 1986, he was awarded a total-disability rating based on individual unemployability ("TDIU") from the Veterans Administration ("VA"). That rating was made retroactive to April 14, 1986. At the time of the original TDIU determination, Mr. Terry did not appeal the VA's determination of the effective retroactive date. In June of 1995, he challenged the VA's May 1986 decision for the first time and alleged clear-and-unmistakable error ("CUE") in determining the effective date of April 14, 1986. Mr. Terry argued then that April 1985 was the correct effective date. In July of 1995, the VA rejected Mr. Terry's claims. Mr. Terry timely appealed to the Board of Veterans' Appeals. He died, however, in August 1997, before the Board of Veterans' Appeals could decide his appeal.

In September of 1997, Carol Terry filed an application with the VA for recovery of

Mr. Terry's unpaid accrued benefits, alleging that her husband's CUE theory granted her an entitlement to the one year of unpaid benefits dating back to 1985 that Mr. Terry claimed he was owed. In May of 1998, the VA rejected Carol Terry's application. Three years later, in May of 2001, the Board of Veterans' Appeals denied her appeal of that rejection, holding that 38 U.S.C. § 5121(a) only permitted payment of benefits accrued in the two-year period immediately prior to death. Finally, in February of 2003, the Court of Appeals for Veterans Claims affirmed the Board of Veterans' Appeals' decision.

The Court of Appeals for Veterans Claims relied entirely on its previous opinions in arriving at its construction of 38 U.S.C. § 5121(a). *Terry,* 2003 WL 359970, at *1. The court asserted that *Marlow v. West,* 12 Vet.App. 548, 551 (1999), conclusively settled the issue in this case by limiting a survivor's recovery of accrued benefits to benefits accrued in the two-year period immediately preceding the veteran's death. The court further supported its holding with language from *Bonny v. Principi,* 16 Vet.App. 504, 506 (2002), which held that "accrued benefits are not payable for any period before two years immediately preceding a veteran's death." *Terry,* 2003 WL 359970, at *1.

Carol Terry has appealed the Court of Appeals for Veterans Claims' decision on the grounds that its construction of 38 U.S.C. § 5121(a) was erroneous.

## DISCUSSION

This court has jurisdiction over this appeal under 38 U.S.C. § 7292(c). The re-

---

ever, made retroactive. P.L. 108–183 § 104(d). All references to § 5121(a) or 38 U.S.C. § 5121(a) in this opinion are meant to

refer to the previous version of § 5121(a), which was in effect at the time of Mr. Terry's death in August of 1997.

view of the Court of Appeals for Veterans Claims' statutory interpretation presents a question of law reviewed de novo and without deference. *Santoro v. Principi,* 274 F.3d 1366, 1369 (Fed.Cir.2001).

## I.

Before this court, the appellant contends that the language of § 5121(a) is unambiguous and does not limit a survivor's receipt of accrued benefits to those benefits accrued in the two years prior to a veteran's death. Furthermore, the appellant maintains that the legislative history supports her interpretation.

The government responds by arguing that this court is bound by language in *Haines v. West,* 154 F.3d 1298, 1300 (Fed. Cir.1998), and *Richard v. West,* 161 F.3d 719, 721 (Fed.Cir.1998), stating that payments for benefits under § 5121(a) are limited to those benefits accrued in the two years immediately prior to the veteran's death. In the alternative, the government contends that § 5121(a) is ambiguous and that legislative history and a contextual reading support the interpretation of the Court of Appeals for Veterans Claims. Finally, the government argues, if the intent of Congress is not clear from the language of the statute or the legislative history, this court should, in performing a *Chevron* analysis, defer to the VA's "reasonable interpretation" of § 5121(a).

## II.

In resolving questions of statutory interpretation, our analysis begins with the language of the statute. *See Barnhart v. Sigmon Coal Co., Inc.,* 534 U.S. 438, 450, 122 S.Ct. 941, 151 L.Ed.2d 908, (2002); *Mudge v. United States,* 308 F.3d 1220, 1227 (Fed.Cir.2002). Where the language of the statute is clear and unambiguous, our analysis finds its end there as well. *Hughes Aircraft Co. v. Jacobson,* 525 U.S. 432, 438, 119 S.Ct. 755, 142 L.Ed.2d 881 (1999); *Robinson v. Shell Oil Co.,* 519 U.S. 337, 340, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997); *Intl Bus. Machs. Corp. v. U.S.,* 201 F.3d 1367 (Fed.Cir.2000).

The relevant language of 38 U.S.C. 5121(a) states:

> [P]eriodic monetary benefits ... under laws administered by the Secretary to which an individual was entitled at death under existing ratings or decisions, or those based on evidence in the file at date of death (hereinafter ... referred to as accrued benefits) and due and unpaid *for a period not to exceed two years,* shall, upon the death of such individual be paid as follows:

38 U.S.C. § 5121(a) (emphasis added).

■ In this case, the language of the statute is clear and unambiguous. By its own terms, § 5121(a) limits the total accrued benefit payments that a survivor may receive to those accrued benefits due and unpaid for up to a two-year period. The statute does not, contrary to the government's assertions, limit the payments recoverable to those that were accrued in the two years immediately preceding the veteran's death.

By its structure, § 5121(a) separates "periodic monetary benefits" (i.e., those based on "existing ratings or decisions") from "accrued benefits" (i.e., "those based on evidence in the file at the date of death"). The comma between the two clauses discussing each form of benefit effects this separation. *See Bonny,* 16 Vet.App. at 507. From the structure of the statute, it is clear that both such benefits are to be paid "upon the death" of the

veteran. Therefore the limitation provided by the words "upon the death" in the statute merely restricts the time frame in which the government must pay "periodic monetary benefits" or "accrued benefits." Thus, the phrase "upon death" does not create any ambiguity in the statute because it is not tied to the two-year limitation on accrued benefits.

Furthermore, the phrasing of the accrued benefits clause aids this court in determining the plain and unambiguous meaning of § 5121(a). Under the terms of the statute, a survivor's recovery of a veteran's accrued benefits is limited to those benefits accrued "for a period not to exceed two years," or in other words, for a maximum two year period of accrued benefits regardless of when those benefits were actually accrued. It is clear that § 5121(a) does not, on its face, limit a survivor's recovery of accrued benefits to those benefits accrued two years prior to a veteran's death.[2]

### III.

The government's additional arguments in opposition to this court's construction of § 5121(a) are similarly unconvincing.

First, the government argues that previous decisions by this court are controlling on this issue. That assertion is plainly incorrect. This court's opinions in *Haines* and *Richard* do not compel this court finding for the government on this issue. The three total sentences in *Haines* and *Richard* in which this court discussed the two-year limitation of § 5121(a) are clearly dicta. *See Black's Law Dictionary* (7th ed. 1999) (defining "gratis dictum" and "judi-

cial dictum"). In neither case was there any discussion of the language of § 5121(a). And in neither case was the passing language referring to § 5121(a) essential to the court's holding. *See Richard*, 161 F.3d at 722; *Haines*, 154 F.3d at 1300.

Second, the government asserts that the legislative history of the Veterans' Benefits Act of 1957 supports the view that Congress intended to limit a survivor's recovery to the accrued benefits earned in the two-year period immediately preceding the death of the veteran. Given the statute's clear and unambiguous language, this court need not resort to the legislative history in determining the plain meaning of § 5121(a). Even examining the legislative history, however, we find that it supports the appellant's construction of the statute.

Prior to the passage of the Veterans' Benefits Act of 1957, the predecessor statute to § 5121(a) read:

> [Benefits] ... to which a person was entitled prior to the date of his death, and not paid during his lifetime, and due and unpaid for a period not to exceed one year *prior to death* under existing ratings or decisions, or those based on evidence in the file at the date of death, shall, upon the death of such a person, be paid....

·Vet. Reg. No. 2(a), Part I, ¶ V(1) (codified at 38 U.S.C.A. ch. 12A (1954)) (emphasis added). The Veterans' Benefits Act of 1957 retained the one-year limitation on the total sum of accrued benefits but removed the "prior to death" language. This change indicates that Congress could

---

**2.** In construing § 5121(a), this court is not bound by the Court of Appeals of Veterans Claims' decisions in *Marlow* or *Bonny*. Thus,

we are not bound by the court's reasoning in *Terry*, 2003 WL 359970, \*2.

have, if it had chosen, retained exactly the type of limitation being advocated by the government in this case. By keeping the one-year limitation and removing the "prior to death" language, Congress, if anything, signaled its knowledge of and intent to do away with the limitation of survivor benefit recovery to the period immediately preceding death. In construing § 5121(a), this court "will not assume that Congress intended to enact statutory language that it has earlier discarded in favor of other language." *Chickasaw Nation v. United States,* 534 U.S. 84, 93, 122 S.Ct. 528, 151 L.Ed.2d 474 (2001) (internal quotations and citations omitted).

■ Third, the government argues that reading § 5121(a) in context supports its interpretation of the statute. Again, if anything, the context of the statute adds additional support to the appellant's contention in that the language of § 5121(a) itself, Congress explicitly linked other terms to the date of death and did not link such a limitation to the two-year limit for accrued benefits (e.g., payable benefits are limited to those that the veteran was entitled to "at death" and accrued benefits could only be considered "based on evidence in the file at date of death"). 38 U.S.C. § 5121(a). As this court has previously noted, "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion." *Boyer v. West,* 210 F.3d 1351, 1356 (Fed.Cir.2000) (quoting *Field v. Mans,* 516 U.S. 59, 66, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995)). This presumption is even stronger where particular language is included in one part of the same section of a statute and not in another part of that same section.

Finally, the government argues that if Congress's intent regarding the two-year limitation § 5121(a) is not clear, the court should defer to the VA's reasonable interpretation under the requirements of *Chevron, U.S.A., Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). At oral argument, the government contended that, in addition to § 5121(a)'s legislative history, the failure of Congress to issue an explicit disclaimer that it did not intend to tie the two-year benefit period to the death of the veteran rendered the statute ambiguous. But if the statute is unambiguous on its face, no absence of a disclaimer or examination of legislative history can make it ambiguous. And, therefore, this court need not engage in a *Chevron* analysis. Out of deference to the legislative branch, courts assume that "Congress says in a statute what it means and means in a statute what it says there." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.,* 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000) (internal quotations and citations omitted).

## CONCLUSION

We hold that the clear and unambiguous language of 38 U.S.C. § 5121(a) only limits a survivor's recovery of accrued veteran's benefits to a maximum two-year period of benefits accrued at any time during the veteran's life. As the clear and unambiguous language of 38 U.S.C. § 5121(a) contradicts the Court of Appeals for Veterans Claims' interpretation of that statute, the Court of Appeals for Veterans Claims' decision denying the appellant recovery of her spouse's accrued benefits is reversed and remanded for further proceedings consistent with this opinion.

*REVERSED and REMANDED.*

DYK, Circuit Judge, concurring.

I agree with the result reached by the majority but not the route by which it gets there. In my view, the language of the statute is ambiguous as to which two-year period is being referenced. It can be read as referring to either (1) any two-year period, as the majority holds, or (2) the two-year period immediately prior to death. The existence of ambiguity inherent in the language of the statute is evidenced by the fact that two of our earlier decisions in dictum read the language as meaning the two years immediately prior to death. *See Richard v. West,* 161 F.3d 719, 722 (Fed.Cir.1998); *Haines v. West,* 154 F.3d 1298, 1300 (Fed.Cir.1998).

Nonetheless, as the majority notes, the statutory language was changed in 1957 to delete a reference to "prior to death." *Ante* at 1296. We assume that such changes have substantive significance. *See Chickasaw Nation v. United States,* 534 U.S. 84, 93, 122 S.Ct. 528, 151 L.Ed.2d 474 (2001). In light of this history, I agree with the majority's construction—that the two years referred to in the statute means any two-year period.