**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 00-39(E)

MATILDA BONNY, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appellant's Application for Attorney Fees and Expenses

(Decided      August 17, 2004     )

*Douglas J. Rosinski,* of Washington, D.C., was on the pleading for the appellant.

*Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Joan E. Moriarty*, Deputy Assistant General Counsel; and *Patricia Trujillo*, all of Washington, D.C., were on the pleading for the appellee.

Before KRAMER, *Chief Judge*, and FARLEY and IVERS, *Judges*.

IVERS, *Judge*:  The matter before the Court is the appellant's application for an award of reasonable attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  For the reasons set forth below, the Court will deny the appellant's application.

## I.  FACTS

The appellant is the surviving spouse of a veteran, who served in the U.S. Army from January 1941 to September 1945.  On August 10, 1995, the veteran was notified that an administrative review of his claims file had resulted in a determination that a February 1948 regional office (RO) decision contained clear and unmistakable error (CUE) and that the veteran was entitled to an award of retroactive benefits dating from January 1948.  *Bonny v. Principi*, 16 Vet.App. 504, 505 (2002).  An administrative decision also was issued on August 10, 1995, instructing that retroactive benefits owed to the veteran should be paid accordingly.  Five days after the administrative decision, the

veteran died. *Id.* The appellant subsequently submitted an application for VA surviving spouse benefits. *Id.*

A September 27, 1999, decision of the Board of Veterans' Appeals (BVA or Board) granted the appellant accrued benefits for an amount equal to what would have been due to the veteran for the two years prior to the date of the veteran's death. *Bonny*, 16 Vet.App. at 505-06. The Board denied the appellant's claim for payment of the full award of retroactive benefits from January 1948 due and unpaid to the veteran at the time of his death. *Id.*

On June 28, 2001, the Court ordered supplemental briefing on the interpretation and application of 38 U.S.C. § 5121(a) in light of the facts of the case, the legislative history of the accrued benefits statute, and the presence, if any, of a federal property right held by the appellant in the past due benefits. The Court heard oral argument on September 25, 2002, and issued its decision on December 10, 2002.

The Court acknowledged that Congress had placed a two-year limitation on the amount of periodic monetary benefits payable to eligible survivors of a deceased veteran who had not been awarded those benefits during his or her lifetime. In such cases, where a survivor of the veteran establishes that the veteran had been entitled to VA benefits, an eligible survivor is entitled to a maximum of the amount that would have been payable for the two years prior to the veteran's death. However, the Court found, with respect to VA benefits that had been awarded prior to the veteran's death, an eligible survivor is entitled to receive the entire amount of the award. *Bonny*, 16 Vet.App. at 507.

On March 12, 2003, the appellant filed an application for an EAJA award in the amount of $74,615.16. The Secretary filed a response on April 23, 2003, and the appellant filed a reply on May 1, 2003.

## II. ANALYSIS

This Court has jurisdiction to award attorney fees pursuant to 28 U.S.C. § 2412(d)(2)(F). The March 12, 2003, EAJA application was filed within the 30-day EAJA application period and met the EAJA content requirements because it contained (1) a showing that the applicant is a prevailing party; (2) a showing that she is a party eligible for an award because her net worth does not exceed

$2,000,000; (3) an allegation that the Secretary's position was not substantially justified; and (4) an itemized statement of the attorney fees and expenses sought. *See* 28 U.S.C. § 2412(d)(1)(B); *Scarborough v. Principi*, 124 S. Ct. 1856, 1862 (2004); *Bazalo v. West*, 150 F.3d 1380, 1383-84 (Fed. Cir. 1998).

The Court will award attorney fees to a prevailing party "unless the [C]ourt finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A); *see Swiney v. Gober*, 14 Vet.App. 65, 70 (2000); *Stillwell v. Brown*, 6 Vet.App. 291, 301 (1994). Once an EAJA applicant alleges that the Secretary's position was not substantially justified, the burden shifts to the Secretary to show that his position was substantially justified at both the administrative and litigation stages in order to avoid paying EAJA fees. *Swiney*, 14 Vet.App. at 70. Reasonableness of the action will be based upon the "totality of the circumstances." *Stillwell*, 6 Vet.App. at 302. "[A] position can be justified even though it is not correct, and . . . it can be substantially (i.e. for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). In *Stillwell*, the Court provided the following amplification:

> Two special circumstances may also have a bearing upon the reasonableness of the litigation position of . . . VA, and of the action or inaction by . . . VA at the administrative level. One is the evolution of VA benefits law since the creation of this Court that has often resulted in new, different, or more stringent requirements for adjudication. The second is that some cases before this Court are ones of first impression involving good[-]faith arguments of the government that are eventually rejected by the Court.

6 Vet.App. at 303. Furthermore, this Court established in *Stillwell* the following "totality of the circumstances" standard to determine whether the Secretary carried that burden:

> VA must demonstrate the reasonableness, in law and fact, of the position of . . . VA in a matter before the Court, and of the action or failure to act by . . . VA in a matter before . . . VA, based upon the totality of the circumstances, including merits, conduct, reasons given, and consistency with judicial precedent and VA policy with respect to such position, and action or failure to act, as reflected in the record on appeal and the filing of the parties before the Court.

*Id* at 302. In judging reasonableness during the administrative proceedings, the Court looks to the relevant, determinative circumstances, including the state of the law at the time of the Board decision. *Moore v. Gober*, 10 Vet.App. 436, 440 (1997) (citing *Bowyer v. Brown*, 7 Vet.App. 549 (1995)).

Here, the Secretary concedes and the Court finds that the appellant is a prevailing party and that there are no special circumstances in the case that would make an award of fees unjust. Secretary's Response at 1; *see Sumner v. Principi*, 15 Vet.App. 256, 264-65 (2001), (en banc), *aff'd Vaughn v. Principi,* 336 F.3d 1351 (Fed. Cir. 2003) (consolidated appeals) (holding that where Court has found administrative error at merits stage, appellant is prevailing party). However, the Secretary argues that the application should be denied on the ground that the Secretary's position was substantially justified. *Id*. As to VA's application of 38 U.S.C. § 5121, the Court finds that the Secretary's position at the administrative level was substantially justified because "'the Board clearly relied upon then-current law.'" *Johnson v. Principi*, 17 Vet.App. 436, 441 (2004) (quoting *Clemmons v. West*, 12 Vet.App. 245, 247 (1999)); *see Owen v. United States*, 861 F.2d 1273, 1275 (Fed. Cir. 1988) (holding that government position was substantially justified when it was based on precedents then standing). At the time of the Board decision, the Court had not yet addressed the distinction between the two types of periodic monetary benefits under section 5121 and there was no controlling precedent to guide the decisionmaking process of the Board. "The Board's decision must be weighed against the caselaw that prevailed when the government adopted its position." *Smith v. Principi*, 16 Vet.App. 71, 75 (2002), *aff'd* 343 F.3d 1358 (Fed. Cir. 2003); *see Bowey v. West*, 218 F.3d 1373, 1377 (Fed. Cir. 2000). The Court further finds that, although the Secretary's interpretation of section 5121(a) was found to be incorrect, based upon the relevant legislative history, we cannot state that that interpretation had no reasonable basis in law or in fact. *See Ozer v. Principi*, 16 Vet.App. 475, 477-78 (2002) (per curiam order); *Stillwell, supra*. Accordingly, the Court finds that the Board decision was reasonably based on then-existing law and that the Secretary's position was substantially justified at the administrative stage and we so hold.

The Court also finds that the Secretary's position with respect to the litigation stage was substantially justified. *Stillwell*, 6 Vet.App. at 302. In determining whether the Secretary was substantially justified in taking a position that was ultimately rejected by the Court, the Court must

consider whether the case was one of first impression. *See Felton v. Brown*, 7 Vet.App. 276, 281 (1994). Arguments presented in a case of first impression are more likely to be considered substantially justified than those where the Court has determined that the Secretary ignored existing law. *Stillwell, supra*. Moreover, "'[t]he government's failure to prevail does not raise a presumption that its position was not substantially justified.'" *Felton*, 7 Vet.App. at 280 (quoting *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)). However, even in a case of first impression, the Court must determine whether the Secretary's position was substantially justified given the totality of the circumstances. *See Felton* and *Stillwell*, both *supra*. The Court also must determine whether the issue presented was "close" or whether the Secretary simply sought an unreasonable interpretation or resolution of the matter. *See Felton*, 7 Vet.App. at 282.

In this matter, the Court finds that, based on the totality of the circumstances and in a case of first impression, the Secretary's position during litigation was reasonable. This case was the first to address whether section 5121 permitted a surviving spouse to collect benefits awarded but unpaid to a veteran prior to his death, and the Court found the precedential value of the issue sufficient to warrant a panel opinion. *See Frankel v. Derwinski*, 1 Vet.App. 23, 25 (1990) ("Whether a decision warrants an opinion of the Court or whether it should be summarily decided by order is, to a great extent, a function of its precedential value."). In addition, the Court found supplemental briefing and an oral argument necessary to address the arguments raised by the parties. *See Felton*, 7 Vet.App. at 282 ("In the case at bar . . . there is no spoken basis in the underlying decision on the merits or in our jurisprudence in general to refute the reasonableness of the Secretary's position in this case."). The fact that the Court ultimately found the interpretation advanced by the Secretary unpersuasive does not detract from the reasonableness of the Secretary's position. In addition, "'the EAJA redresses governmental abuse, it was never intended to chill the government's right to litigate or to subject the public fisc to added risk of loss when the government chooses to litigate reasonably substantiated positions, whether or not the position later turns out to be wrong.'" *Carpenter v. West*, 12 Vet.App. 316, 321 (1999) (quoting *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993)).

The appellant argues that the Secretary's position was not substantially justified because the Secretary did not "perform the statutory analysis mandated by *Brown v. Gardner*, 513 U.S. 115

(1994)." EAJA Application at 4. The appellant urges the Court to accept the proposition that "a legal position that omits any mention of the controlling precedent solely relied upon by the Court to dispose of the matter at bar cannot, as a matter of law, be substantially justified." *Id.* However, this proposition conflicts with the longstanding requirement that the Court look at the totality of the circumstances surrounding the Secretary's position during litigation. *See Stillwell*, 6 Vet.App. at 302; *see also Dillon v. Brown*, 8 Vet.App. 165, 168 (1995); *Carpenito v. Brown*, 7 Vet.App. 534, 537 (1995). The Court has considered the additional arguments raised by the appellant with respect to the justification of the Secretary's position and finds them to be without merit. Because the Court finds the position of the Secretary substantially justified, the Court need not address the Secretary's argument as to the reasonableness of the fees sought.

### III. CONCLUSION

On the basis of the foregoing analysis and the parties' pleadings, the Court, having held that the Secretary was substantially justified in both his administrative and litigation positions, denies the appellant's March 12, 2003, EAJA application.

APPLICATION DENIED.

6