# United States Court of Appeals for the Federal Circuit

04-7111

PAMELA J. SHARP,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Sandra E. Booth, of Columbus, Ohio, argued for claimant-appellant.

Lisa B. Donis, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; and Harold D. Lester, Jr., Assistant Director. Of counsel on the brief were Richard J. Hipolit, Acting Assistant General Counsel; and Jamie L. Mueller, Attorney, United States Department of Veterans Affairs, of Washington, DC. Of counsel were David B. Stinson and Timothy P. McIlmail, Trial Attorneys, Commercial Litigation Branch, Civil Division, United States Department of Justice.

Appealed from: United States Court of Appeals for Veterans Claims

Former Chief Judge Kenneth B. Kramer

# United States Court of Appeals for the Federal Circuit

04-7111

PAMELA J. SHARP,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  April 7, 2005

_____

Before LOURIE, SCHALL, and PROST, Circuit Judges.

LOURIE, Circuit Judge.

## DECISION

Pamela J. Sharp appeals from the decision of the United States Court of Appeals for Veterans Claims (the "Veterans Court") affirming the Board of Veterans' Appeals' denial of her claim for accrued benefits.  Sharp v. Principi, 17 Vet. App. 431 (2004) ("Decision").  Because the Veterans Court correctly interpreted 38 U.S.C. § 1115 as entitling only a veteran and not his or her survivors to dependents' benefits, we affirm that part of the decision.  However, pursuant to our recent decision in Terry v. Principi, 367 F.3d 1291 (Fed. Cir. 2004), in which we held that the limit of recovery of a veteran's accrued benefits to a maximum two-year period of benefits under 38 U.S.C. § 5121(a) applies to benefits accrued at any two-year period of time, not only to the last

two years of the veteran's life, we vacate the portion of the court's decision with respect to the claim for accrued benefits and remand for further proceedings.

BACKGROUND

Ms. Sharp's late husband, James S. Sharp, was a veteran who served from 1968 to 1971. Although he suffered from a disabling hip condition as a result of combat injuries, the Department of Veterans Affairs ("VA") denied his original claim for service connection. In November 1988, he submitted new medical evidence to a VA Regional Office ("RO") to reopen his claim for benefits. Upon reconsideration, the RO did reopen the claim in 1995; it assigned a disability rating of sixty percent, effective November 1988, and a rating of one hundred percent, effective March 1994.

In December 1995, the RO requested that James Sharp submit additional forms to determine whether he was eligible to receive dependents' benefits. He provided the appropriate information, and in December 1996, the RO notified James Sharp that he was indeed entitled to additional benefits for his spouse and child. However, the RO granted an effective date of January 1997 for those benefits, a determination with which James Sharp disagreed. He thus filed an administrative appeal, arguing that the effective date for his dependents' benefits should have been November 1988. In December 1999, James Sharp died while the appeal was still pending.

In January 2000, appellant Pamela Sharp (hereinafter "Sharp") filed a claim for additional accrued compensation based on the fact that her husband had a dependent wife and minor children. The RO denied her claim, and she appealed to the Board of Veterans' Appeals. In July 2001, the Board issued a decision that also rejected her claim. The Board determined that the dependents had no standing on their own to bring

04-7111                                    2

a claim for increased dependency allowance. Additionally, the Board found that the dependents' benefits were accrued benefits under § 5121(a) and that payments had been timely paid for each month in the two years immediately prior to the veteran's death. Accordingly, the Board denied Sharp's claim for additional benefits.

Sharp appealed to the Veterans Court, arguing that 38 U.S.C. § 1115 grants dependents of veterans a property interest in the veterans' benefits. That property interest, she asserted, is outside the scope of § 5121(a) accrued benefits and is not extinguished by a veteran's death. Additionally, Sharp asserted that, even if § 1115 benefits were exclusively committed to the veteran and not dependents, the VA was still liable under § 5121(a) for two years' worth of § 1115 benefits that were due and unpaid at the time of the veteran's death, but not necessarily limited to the two-year period prior to the death.

The Veterans Court rejected Sharp's arguments, holding that dependents do not have a property interest in § 1115 benefits because those benefits are solely the veteran's and the claim is extinguished by his death. As a result, it determined that Sharp did not have standing to pursue § 1115 benefits. Decision, 17 Vet. App. at 435. The court concluded that the only available remedy for Pamela Sharp was a claim for accrued benefits under § 5121(a), but it held that that statute limits the benefits to the two years immediately preceding the veteran's death. Id. The Veterans Court affirmed the Board's decision, id. at 436, and Sharp timely appealed. We have jurisdiction pursuant to 38 U.S.C. § 7292(c).

DISCUSSION

We review a statutory interpretation by the Veterans Court de novo. Dambach v. Gober, 223 F.3d 1376, 1380 (Fed. Cir. 2000). We have exclusive jurisdiction to "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under [38 U.S.C. § 7292], and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c) (2000). We cannot review findings of fact or application of law to the facts, except to the extent that an appeal presents a constitutional issue. Id. § 7292(d)(2); Bustos v. West, 179 F.3d 1378, 1380 (Fed. Cir. 1999). "In construing a statute, our analysis begins with the language of the statute, and where the statutory language is clear and unambiguous, it generally ends there as well." Langston v. Office of Pers. Mgmt., 395 F.3d 1349, 1351 (Fed. Cir. 2005) (citing Hughes Aircraft Co. v. Jacobson, 525 U.S. 432, 438 (1999); Terry, 367 F.3d at 1294).

A.   Additional Compensation Under 38 U.S.C. § 1115

On appeal, Sharp argues that 38 U.S.C. § 1115 does not clearly state a legislative intent that the veteran be the sole recipient of § 1115 compensation. Instead, she asserts that one reasonable interpretation of the statute is that § 1115 compensation is for the benefit of the dependents. That ambiguity in the statute, she argues, should be resolved in favor of the claimant and against the government. She characterizes § 1115 compensation as an entitlement in which the dependents have a property interest that is not extinguished by the veteran's death.

In response, the government asserts that § 1115 is clear and unambiguous on its face in providing that it is the veteran alone who is entitled to benefits under that

04-7111                                    4

section. The government argues that the Veterans Court properly interpreted § 1115 when it determined that any claim to benefits under that section is extinguished by the veteran's death.

We agree with the Veterans Court that the benefits under 38 U.S.C. § 1115 are provided solely to the veteran and that any claim pursuant to that statute is extinguished by the veteran's death. That statute provides that "[a]ny veteran entitled to compensation at the rates provided in section 1114 of this title, and whose disability is rated not less than 30 percent, shall be entitled to additional compensation for dependents . . . ." 38 U.S.C. § 1115 (2000) (emphases added). Clearly, the explicit terms of the statute entitle only the veteran to compensation.

Furthermore, in Title 38, Congress defined "compensation" to mean "a monthly payment made by the Secretary to a veteran because of service-connected disability, or to a surviving spouse, child, or parent of a veteran because of the service-connected death of the veteran occurring before January 1, 1957." 38 U.S.C. § 101(13) (2000) (emphasis added). It is evident from that definition that the veteran is the only person entitled to "compensation" because of a service-connected disability, aside from a limited exception that is not relevant to these facts. The Veterans Court also correctly observed that "when Congress wished to provide chapter 11 benefits for someone other than a veteran, it did so explicitly." Decision, 17 Vet. App. at 435 (citing various sections in Chapter 11 of Title 38). As we have stated before,

> Chapter 11 of title 38 makes no provision for the payment of disability compensation to survivors. . . . Instead, Congress in 1943 established a procedure whereby a limited amount of "accrued benefits" due to the deceased veteran could be recovered by designated individuals. . . . This scheme was eventually codified with minor changes at 38 U.S.C. § 5121(a) . . . .

04-7111                                        5

Richard v. West, 161 F.3d 719, 721 (Fed. Cir. 1998) (internal citation omitted).

Sharp's assertion that the statute explicitly provides that the compensation is "for dependents" reads the phrase out of context. Her interpretation ignores the fact that the sentence plainly states that the veteran is the recipient of the entitlement. The benefit is for the dependents, not to the dependents. Moreover, her interpretation fails to appreciate the reference to "additional compensation," which indicates that the veteran, who is already entitled to some degree of compensation for his service-connected disability, is also entitled to a supplementary amount because he or she has dependents. Sharp's interpretation is simply not supported by the language of the statute.

We thus conclude that the Veterans Court correctly held that Sharp lacked standing to pursue her § 1115 claim because that statute plainly and unmistakably provides that only the veteran has an entitlement to § 1115 benefits.

B. Accrued Benefits Under 38 U.S.C. § 5121(a)

Sharp argues that our decision in Terry requires that her claim for accrued benefits under 38 U.S.C. § 5121(a) be remanded to the Veterans Court. The government concurs with Sharp that her claim under § 5121(a) should be remanded pursuant to our decision in Terry. We agree. Our decision in Terry, which issued in May 2004, after the Veterans Court issued its decision in the present case, is controlling. We held in Terry that § 5121(a) does not limit a survivor's recovery of accrued benefits to those benefits accrued in the two-year period immediately prior to a veteran's death. Terry, 367 F.3d at 1295, 1296. Such recovery can be awarded for any two-year period. Accordingly, we vacate the portion of the Veterans Court's decision

relating to § 5121(a) accrued benefits and remand the case for further proceedings consistent with <u>Terry</u>.

CONCLUSION

Because the Veterans Court correctly held that Sharp lacked entitlement to § 1115 benefits, we affirm that portion of the court's decision. We remand the case to the Veterans Court for determination of § 5121(a) accrued benefits pursuant to our recent decision in <u>Terry v. Principi</u>.

<u>AFFIRMED-IN-PART, VACATED-IN-PART, AND REMANDED</u>