**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 03-0560(E)

ROBERT E. LOHNES III, APPELLANT,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before GREENE, *Chief Judge*, and KASOLD and HAGEL, *Judges*.

**O R D E R**

Veteran Robert E. Lohnes III applies through counsel for an award of attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). For the reasons set forth below, the Court will deny the EAJA application.

Mr. Lohnes appealed a January 21, 2003, Board of Veterans' Appeals (Board) decision that denied entitlement to two 10% disability ratings for bilateral tinnitus. Relying on *Smith v. Nicholson*, 19 Vet.App. 63 (2005), the Court reversed the Board's decision to the extent that it concluded that bilateral tinnitus could not qualify for separate 10% disability ratings, one for each ear. The Secretary did not appeal that decision, and the mandate of the Court entered in due course. On July 19, 2005, Mr. Lohnes filed his EAJA application.

An EAJA application may be granted when the appellant is a prevailing party and the Secretary's position was not substantially justified. If either the appellant is not a prevailing party or the Secretary's position was substantially justified, the Court must deny the application. *See*, *e.g.*, *Vahey v. Nicholson*, 20 Vet.App. 208, 210-12 (2006) (EAJA application denied without discussion of substantial justification where Court found appellant was not a prevailing party); *Bonny v. Principi*, 18 Vet.App. 218, 221-22 (2004) (EAJA application denied where Secretary conceded that appellant was a prevailing party but Court found Secretary was substantially justified). Here, although Mr. Lohnes asserts, and the Secretary does not dispute, that Mr. Lohnes is a prevailing party, the Court must deny the application because the Secretary's position was substantially justified. *See Smith v. Nicholson*, 451 F.3d 1344, 1350-51 (Fed. Cir. 2006) (holding that Secretary's interpretation of his own regulations was not plainly erroneous or inconsistent with regulations), *cert. denied*, __ U.S. __, 75 U.S.L.W. 3385 (Jan. 22, 2007).

Upon consideration of the foregoing, it is

ORDERED that the July 19, 2005, application for attorney fees and expenses is DENIED.

DATED: February 8, 2007                                    PER CURIAM.